JEHU BROWN vs. ELIZABETH BROWN.—*December*, 1847.

Jurisdiction in cases of divorce was conferred upon the equity tribunals of this State by the act of 1841, ch. 262.

By the 2d section of that act, the court is authorised to decree *a vinculo*, when the party complained against has abandoned the party complaining, and has remained absent from the State above *five* years.

By the 3d section of the same act, a divorce *a mensa et thoro* may be granted for abandonment and desertion, without regard to its duration; or the absence of the party complained against, from the State.

The act of 1844, ch. 306, repeals those portions of the 2d section of the act of 1841, ch. 262, which require absence from the State for *five* years, on the part of the party complained against, as a cause for a divorce, *a vinculo matrimonii*; with a proviso, that no such decree shall be passed on account of abandonment, unless the court shall be satisfied by competent proof, that such abandonment has continued uninterruptedly for at least *three* years, is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation.

When the party complained against has *not* been absent from the State, an absolute divorce against such party cannot be decreed.

Where husband and wife, through the intervention of a trustee, execute a deed of mutual separation for their joint lives, by which provision is made for the support of the wife and children, so long as the terms of it are complied with on the part of the husband, he is exonerated from the obligation to support his wife, and it is a protection to any claim which can be made upon him for supplying her even with necessaries.

When after actual separation, husband and wife select their own remedy by the execution of a deed of separation, and continue to live separate, without any new circumstances transpiring to change their actual relations since the execution of such a deed, the court will not grant a decree *a vinculo matrimonii*.

Where the parties to a deed of separation placed themselves very much in the condition with respect to each other, which the law empowers the court to do by a decree *a mensa et thoro*, such a decree is unnecessary, and perhaps improper.

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 6th July, 1846, by the appellant, and alleged, that he in the month of December, 1824, was married to *Elizabeth Brown* of the said city, who is his present wife; that in the month of December, 1830, she, the said *Elizabeth*, left and abandoned his bed, which abandonment has continued uninterruptedly ever since; that in the spring of the year 1836, she, the said *Elizabeth*, abandoned his table and

32      v.5

house, which abandonment was voluntary on her part, has continued uninterruptedly for more than ten years, and is certainly deliberate and final, and the separation beyond any expectation of reconciliation; that the said separation being thus absolutely hopeless and final, he, with the said *Elizabeth,* and her friend and trustee, *Stephen Boyd* of *Harford* county, agreed upon and solemnly executed a final deed of separation, in which he, your orator, conveyed for the use and benefit of the said *Elizabeth,* all the interest and property coming to her from her deceased father's estate, which is the only property she ever possessed, and also paid in addition to her said trustee for her sole use, a sum much more than commensurate with any claim she could have had on his very limited property, if he had died at the date of said deed; that he is advised it is unnecessary for him here to set out the various most grievous causes of the said separation, but that upon the above facts, and under the provisions of the act of Assembly, 1841, chapter 262, section 2d, as modified by 1844, chapter 306, he is entitled to a divorce from the said *Elizabeth, a vinculo matrimonii,* wherefore your orator humbly prays the decree of your Honor, divorcing him from the said *Elizabeth, a vinculo matrimonii,* and for general relief.

The answer of *Elizabeth Brown* stated: That she admits she is the wife of the complainant, and has abandoned his house, table and bed; that she is at this present time living apart from her said husband, but that until lately, he has done nothing whatsoever towards her support and maintenance; that the deed of separation mentioned in the bill of complainant was executed as is there stated, and for the consideration therein mentioned; but she says it was no part of her wish or intention that it should operate as a divorce; that the property conveyed to her by the deed aforesaid, is very inconsiderable, a part of which comes from her own father's estate, and it is by no means sufficient to support her; that the whole interest in her father's estate, as she has been informed, does not exceed one hundred and eighty dollars, and that her trustee, *Stephen Boyd,* received for her, from her said husband, *six hun-*

*dred dollars*, the interest on which sum only is to be paid to her as she understands it, during her life; that her said husband is in affluent circumstances as she verily believes, and that she, your respondent, is wretchedly poor, feeble in health, and advanced in years; that a divorce may not be granted to her said husband, at all events, not until he has made comfortable provision for this respondent, who has devoted her youth and best exertions to his welfare and happiness.

The general replication being filed, a commission issued to take proof; evidence of the separation was given, and the deed of separation also established.

This deed, dated the 18th April, 1846, set forth:

" Whereas, it has been mutually agreed by and between the said *Jehu Brown* and *Elizabeth Brown*, that they shall and will henceforth during their joint lives live separate and apart from each other, without any sort of dependence or claim of the one upon or against the other; and it hath also been agreed, that in lieu, bar, satisfaction and discharge of all right of dower which the said *Elizabeth Brown* might or would claim in case she should survive her said husband, and of all and every right, title, claim and demand whatsoever, which she now has, or might at any time hereafter have against her said husband or his estate, or property, either in the nature of alimony or otherwise, the estate or property hereinafter described or mentioned, shall be secured to and for the sole and separate use and benefit of the said *Elizabeth Brown*, in the manner hereinafter specified; and the said *Elizabeth Brown* hereby consents and agrees to accept and take the estate and property above referred to and hereinafter mentioned, in full satisfaction and discharge of all claim of dower, and of every other claim or demand whatsoever as aforesaid, against the said *Jehu Brown* or his estate, or property, whether in the nature of alimony or otherwise, wherefore these presents are executed." Now, &c. &c.

The cause coming on to be heard at December term, 1846, the Chancellor (JOHNSON) passed the following decree.

On the 6th July, 1846, the complainant filed his bill in this court, praying for a divorce *a vinculo matrimonii*, from the defendant, his wife, to whom he was married in the year 1824.

The parties are both now, and have always been, citizens of and residing in this State, and the ground of the application is that the defendant, the party complained against, abandoned the complainant upwards of ten years since; that this abandonment has continued uninterruptedly for more than ten years, is deliberate and final; and the separation beyond any expectation of reconciliation.

It is also alleged as a circumstance marking the final nature of the separation, that the parties on the 18th of April, 1846, agreed upon and executed a deed of separation, by which provision was made for the support and maintenance of the wife, fully equal to such portion of the property of the husband, as the law would have given her in the event of his death.

This deed of separation is exhibited with and made a part of the bill.   By it certain property is conveyed by the husband to a trustee, for the sole and separate use of the wife, with power with the concurrence of the trustee, of disposing thereof whilst living, or by her will, or in case of her death without will, in trust for her children and their descendants; or in case she should die without children or descendants living at her death, then in trust for her right heirs.

The deed also contains a stipulation, that the parties, *Brown and wife*, shall and will henceforth during their joint lives, live separate and apart from each other, without any sort of dependence or claim of the one upon or against the other.

In the answer of the wife, the abandonment is admitted, as is the deed of separation, though the application for a divorce is resisted, at least until the husband shall make a comfortable provision for her, which she alleges is not done by the deed.

Under the commission which issued to take proof, the continued separation of the parties for ten years past is proved, as is also the great improbability of their reconciliation.

Upon the return of the commission, the case by agreement of counsel was set down for a final decree on the 25th of this

month, and is now submitted upon notes filed by the complainant's solicitor.

Jurisdiction in cases of application for divorces was conferred upon the equity tribunals of this State by the act of Assembly of December session, 1841, chap. 262, since when, two supplements have been passed, the first in 1843, chap. 287, the last in 1844, chap. 306.

By the second section of the original act, the causes for which divorces *a vinculo matrimonii* may be granted are stated; these are four in number, and the fourth, which is supposed to embrace this case, authorises the court to decree a divorce of this absolute character, where the party complained against has abandoned the party complaining, and has remained absent from the State for five years. By the 3d section of the same act, a divorce *a mensa et thoro* may be granted for abandonment and desertion, without regard to its duration or the absence of the party complained against from the State.

The act of 1844, chap. 306, repeals those portions of the second section of the original act, which require absence from the State for five years on the part of the party complained against, as a cause for a divorce *a vinculo matrimonii*, with a proviso that no such decree shall be passed on account of abandonment, unless the court shall be satisfied by competent proof that such abandonment has continued uninterruptedly for at least three years, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation.

This latter law it is supposed by the complainant's solicitor, not only changes so much of the second section of the act of 1841, chap. 262, as makes it necessary that the party complained against should have remained absent from the State for five years, but renders absence from the State for any period unnecessary.

It is not clear, however, that this is the true construction of the act of 1844. Its language is, that all such parts of the second section of the act to which it is a supplement, as

requires absence from the State for five years, &c., be and the same are hereby repealed.

It does not say that absence from the State for any period shall not be necessary to entitle a party to an absolute divorce, but that absence for five years shall not be required. If the Legislature had designed to dispense with absence from the State altogether, as one of the ingredients constituting the ground for an absolute divorce, it is presumed they would have expressed their meaning in terms free from all ambiguity. The original act required such absence to continue for five years, and this period the Legislature of 1844, thought proper to abridge, but it is not manifest they intended to dispense with it altogether.

It has been asked why it was put in the original act? This is a question which this court cannot answer, but finding it there it must pay respect to it, as one of the circumstances constituting cause for a divorce *a vinculo matrimonii*, until the authority which placed it there strikes it out, which I am not satisfied entirely they intended to do by the passage of the act of 1844.

This construction of these acts seems to me in conformity with what I understood to be the opinion delivered by one at least of the judges of the Court of Appeals, at December term, 1845, and the opinions of the other judges do not in any manner conflict with it. The party complained against then in this case, not having been absent from the State for any period, it may be doubted whether upon the true construction of the acts of Assembly upon the subject, an absolute divorce could be decreed.

There is, however, another objection to the interposition of the court in this case, which renders it unnecessary to place the decree about to be passed upon the ground, that the facts alleged and proved, do not bring this case within the provisions of the acts.

The parties we have seen, on the 18th of April last executed a deed of separation, by which provision was made for the support of the wife and children, and by which these parties

mutually agreed during their joint lives, to live separate and apart from each other. This deed, so long as the terms of it are complied with on the part of the husband, exonerates him from the obligation to support his wife, and is a protection against any claim which can be made upon him for supplying her even with necessaries. 2 *Kent Com.* 161. *Todd vs. Stokes,* 1 *Salk.* 116. *Nurse vs. Craig,* 5 *Bos. & Pul.* 148. *Baker vs. Barney,* 8 *Johns. Rep.* 72. Having selected their own remedy by the execution of this deed, after the actual separation had lasted nearly or quite ten years, no sufficient reason has been assigned why within less than three months from the date of the deed, this court should be called upon absolutely to dissolve the marriage. It is not alleged or proved, that any circumstances have transpired since the execution of the deed which render it necessary or proper that the relations of the parties as established by that instrument should be changed, and the court would be most reluctant to do so, especially in the manner and to the extent proposed by this bill, unless a case of strong urgency was made out, as the effect of such a change upon the rights secured by the deed, might occasion embarrassing, if not injurious consequences.

The third section of the original act authorises the courts of equity upon applications for divorces *a vinculo matrimonii,* to decree them *a mensa et thoro,* if the causes proved are sufficient to entitle the parties to such relief; and it has already been stated that abandonment and desertion alone, without regard to its duration or the absence from the State of the party complained against, is sufficient cause for a divorce of this qualified character. But a decree of this description is rendered unnecessary, and would perhaps be improper in this case, in consequence of the deed of separation, by which the parties have placed themselves very much in the condition with respect to each other, which the law would have empowered the court to do, by decreeing a limited divorce. *Hunt vs. De Blaquiere,* 5 *Bing.* 520.

For these reasons, very briefly stated, I am of opinion the bill must be dismissed, and shall so decree.

From this decree the complainant appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By J. J. SPEED for the appellant, and

By J. M. BUCHANAN for the appellee.

BY THE COURT:

Decree affirmed for the reasons assigned by the Chancellor in his opinion.

DECREE AFFIRMED.