# FLORA O. SCHWAB *vs.* LEON H. SCHWAB.

*Equity Pleading—Supplemental Bill—Under a Bill for a Divorce a Mensa, no Supplemental Bill for Divorce a Vinculo for Causes Subsequently Arising Can be Filed.*

When a bill has been filed for a divorce *a mensa et thoro* upon grounds not constituting cause for a divorce *a vinculo,* and the issue has been made up and the testimony taken, the plaintiff cannot in that case file a supplemental bill asking for a divorce *a vinculo,* for causes which occurred after the filing of the original bill, but must assert such charges in a separate proceeding.

A supplemental bill in equity, being merely an addition to the original bill, cannot introduce entirely new matter, not germane to the allegations of the original bill, and which constitutes a separate cause of action in itself.

Appeal from an order of the Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*Isidor Rayner* and *Lewis Putzel* (with whom was *Hugo Steiner* on the brief), for the appellant.

*M. R. Walter* and *Lewis J. Cohen* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This case presents for our consideration an important question of equity practice in proceedings for divorce.

The appellant on September 15th, 1889, filed a bill against the appellee for divorce *a mensa et thoro* upon the grounds of cruelty, vicious conduct and abandonment. The appellee answered the bill denying its material allegations and on October 10th, 1899, the general replication was filed to his answer. Upon the issue thus made up the plaintiff took all of her testimony in chief, the defendant concluded his testimony and the plaintiff examined four witnesses in rebuttal. The testimony thus taken covered seven hundred and eighty-three typewritten pages.

At this stage of the proceedings on January 14th, 1901, nearly sixteen months after the filing of the original bill, the appellant filed a petition in the case alleging "she had just learned that the defendant has been guilty of adultery since the filing of the bill of complaint and that she should be granted a divorce *a vinculo matrimonii* from the defendant," and praying for leave "to file a supplemental bill of complaint so that she may obtain the relief to which she is entitled." To this petition the appellee filed a written objection to the Court's granting the leave prayed for by the appellant upon three grounds, which were:

1st. Because the bill was filed for a decree *a mensa et thoro* and alleges no facts entitling her to a decree *a vinculo matrimonii.*

2nd. That, as the appellant's petition alleged that the adultery therein charged was committed after the filing of the bill,

the relief which she sought could be obtained only by the institution of a new suit, and

3rd. That the testimony under the original bill had been concluded on both sides.

The Circuit Court denied the application for leave to file the supplemental bill and dismissed the appellant's petition without prejudice to her right to file an original bill. From that order the present appeal was taken.

The material question presented by the appeal is whether when a bill has been filed for a divorce *a mensa et thoro* upon grounds not constituting cause for a divorce *a vinculo* and the issue has been made up and the testimony substantially all taken, the plaintiff should be permitted to file in that case a supplemental bill asking for a divorce *a vinculo* for causes which occurred after the filing of the original bill.

A supplemental bill, as its name indicates, is an addition to an original bill, and it is ordinarily filed to correct some imperfection or mistake in the original bill or to bring some new party into the case. It may also be filed in some cases to bring before the Court new matters which have occurred since the filing of the original bill and in that event the relief originally prayed for may be modified or enlarged to meet the case as presented after the addition of the new matter. *Story's Equity Pleadings*, sec. 332, *et seq.*; 2 *Daniell's Chy. Practice*, 6th Am. ed. (bottom paging) 1513–1539; *Miller's Equity*, pp. 246–7; *Winn* v. *Albert*, 2 Md. Chy. 47–8. It is well settled however that the supplemental bill being merely an addition to the original bill and the two constituting but one record the latter must be consistent with the former and its allegations must be germane thereto and must be supplemental in their nature and not independent or subsequent and the new matters must not change the rights or interest of the parties. An entirely new case cannot be introduced by a supplemental bill, although enlarged or even different relief may be obtained thereby. *Daniell's Chy.*, vol. 2, p. 1517 and note, also 1536; *Story's Equity Pleadings*, sec. 337; *Milner* v. *Milner*, 2 Edw. Chy. 114; *Jacob* v. *Lorentz*, 98 Cal. 332; *Coll. Security Bank*

v. *Fowler*, 42 Md. 393; *Bannon* v. *Comegys*, 69 Md. 411; *Birmingham* v. *Lesan*, 77 Me. 494; *Minnesota Co.* v. *St. Paul Co.*, 6 Wall. 742.

Where the facts occurring subsequent to the filing of the original bill are, when considered separately from those set up in the bill, sufficient in themselves to constitute a cause of action they must be made the subject of a separate original bill and cannot properly be embraced in a supplemental one. *Milner* v. *Milner, supra; Bannon* v. *Comegys, supra; Robertson* v. *Robertson*, 9 Daly, 44; *Prouty* v. *Lake Shore R. R.*, 85 N. Y. 275; *Keyser* v. *Renner*, 87 Va. 249; *Hill* v. *Hill*, 10 Ala. 527. In *Straughan* v. *Hallwood*, 30 W. Va. 274, the Court say that "to permit a new cause of action arising after the institution of the original suit to be prosecuted by a supplemental bill would be to violate the obvious principle that in every case the cause of action must exist at the time the suit is brought."

In the present case the appellant filed her original bill for a divorce *a mensa et thoro* upon the grounds of cruelty and abandonment, and then when issue had been joined on those allegations and the testimony had been substantially completed and the case was almost ready for a hearing, she asked leave to file a supplemental bill charging the appellee with the commission of adultery at a date subsequent to the institution of the suit and praying for a divorce *a vinculo*. The allegations of this proposed supplemental bill would not have been germane to or in aid of the original cause of action nor would they have tended to support the rights and interests already in the bill. The proposition was to introduce a separate and independent cause of action which occurred subsequent to the institution of the suit and by that means obtain an altogether different relief from that appropriate to the original bill. An action for *a divorce a vinculo* is in every respect different from that for a divorce *a mensa et thoro*. They are both statutory proceedings and they proceed upon different sections of the statute, are founded upon a different state of facts and aim at entirely different results.

In England some cases are found where in suits for an absolute divorce *for adultery* acts of adultery committed by the defendant after suit brought were permitted to be set up by supplemental bill because they were explanatory of the evidence taken under the original petition or tended to support the charges made thereby, but in the recent case, of *Lapington* v. *Lapington*, 14 P. D. 21, where the petition for divorce charged adultery and cruelty and it was amended by adding a charge of desertion, and at the hearing only the desertion was relied on, the Court declined to hear the case because that cause of action was not complete at the filing of the original petition and held that relief therefor could only be had by filing a new petition.

In this country the Courts have also in some instances when the bill was originally filed for a divorce *a vinculo* allowed supplemental bills to be filed setting up acts committed by the defendant after the commencement of the suit, but they were acts of the same nature as those relied on as the foundation of the relief asked for in the original bill. *Blanc* v. *Blanc*, 67 Hun. 386; *Adams* v. *Adams*, 20 N. H. 299; *Irwin* v. *Irwin*, 49 S. W. R. 432. In the case of *Feigley* v. *Feigley*, 7 Md. 537, the wife filed a bill for a divorce *a vinculo* alleging abandonment and desertion as the grounds of her action. She afterwards filed an amended or supplemental bill reiterating the charges of her original bill and further averring a continuance of the abandonment and an attempt by the defendant to make way with his property in order to defraud her marital rights and bringing into the case the party to whom he had conveyed his property and praying for an allowance for her support and for a *ne exeat* against the defendant. No objection was made by the defendant to the filing of the amended or supplemental bill. The Court held that as that bill had *been received without objection* it should be regarded as properly part of the case, and the Court treated the facts proven under it as *supportive of the plaintiff's case* and affirmed the decree of the Court below which had granted a divorce *a mensa et thoro* to the wife, but in that case there was no attempt made, as there is

in the present one, to transform the suit from one for a divorce *a mensa et thoro* to one for a divore *a vinculo* and thereby radically changing its character.

We have been able to find no case in which a plaintiff who had filed an original bill for a divorce *a mensa et thoro* alleging causes insufficient for a divorce *a vinculo* was permitted to set up by supplemental bill an act of adultery committed by the defendant after the commencement of the suit and for that cause to procure a decree for a divorce *a vinculo.* In *Robertson* v. *Robertson,* 9 Daly, 44, the attempt was made to so enlarge the scope of a proceeding originally instituted for a divorce *a mensa et thoro* into one for a divorce *a vinculo,* but the Court positively refused to permit it to be done. The Courts in this country have generally, in divorce cases, adhered to the salutary rule that unless the cause of action upon which the final relief was sought to be obtained, existed at the commencement of the suit the relief must be denied. *Milner* v. *Milner, supra;* *Hill* v. *Hill, supra;* *Robertson* v. *Robertson, supra;* *Embree* v. *Embree,* 53 Ill. 394; *Lutz* v. *Lutz,* 52 N. J. Eq. 241; *Brown on Divorce and Alimony,* p. 57 and 58.

Our own views are in accord with what we thus find to be the current of authority upon the issue now under consideration and we think that the learned Judge in the Court below properly refused the application of the appellant to file her proposed supplemental bill. She is of course at liberty to assert the charges mentioned in her petition by an original bill filed for that purpose.

Having considered the issue presented by this appeal upon its merits which were fully discussed in the argument and having arrived at the conclusion that the order appealed from should be affirmed, we deem it unnecessary to discuss the question suggested by the brief of the appellee as to whether the order formed a proper subject for an appeal.

> *Order affirmed with costs and cause*
> *remanded.*

(Decided June 12th, 1901).