PAUL F. MILLER *v.* MARIE C. MILLER.

*Divorce à Mensa — Grounds — Abandonment — Sufficiency for
Absolute Divorce.*

The refusal of one spouse, without just cause, to cohabit with
the other, is an act amounting to desertion on the part of the
one so refusing.                                    p. 216

Since, under Code, art. 16, sec. 39, a divorce *a mensa* may be
granted for abandonment and desertion without reference to its
duration, such a divorce may be granted although the abandon-
ment, having continued for over three years, would be ground
for a divorce *a vinculo.*                        pp. 217-219

Abandonment and desertion, as a ground for divorce *a mensa,*
must contain two affirmative elements, cohabitation ended, and
the offending party's intention to desert.          p. 219

To entitle one to a divorce *a vinculo* on the ground of aban-
donment and desertion, not only must the cohabitation be ended,
and there be an intention to desert, but also the court must be
satisfied by competent testimony that the abandonment has con-
tinued uninterruptedly for at least three years and is deliberate
and final, and that the separation of the parties is beyond any
reasonable expectation of reconciliation.           p. 219

One who has obtained a divorce *a mensa* on the ground of
abandonment, which, at the time of obtaining the divorce, was
of the character and duration specified in the statute as a ground
for divorce *a vinculo,* cannot thereafter obtain a divorce *a vin-
culo* on the ground of abandonment.                  p. 220

On a bill for a divorce *a mensa et thoro,* on the ground of
abandonment, *held* that an award of $500 per month as alimony
*pendente lite* and $1,000 as counsel fees was, under the circum-
stances, just and proper.                        pp. 214, 220

*Decided June 8th, 1927.*

Appeal from the Circuit Court for Washington County,
In Equity (WAGAMAN, J.).

Bill by Marie C. Miller against Paul F. Miller. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was submitted on briefs to Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Robert H. McCauley* and *Levin Stonebraker,* for the appellant.

*Scott M. Wolfinger* and *C. Walter Baker,* for the appellee.

Digges, J., delivered the opinion of the Court.

The bill in this case was filed in the Circuit Court for Washington County by the appellee, Marie C. Miller, against Paul F. Miller, her husband, the appellant, praying for a divorce *a mensa et thoro* on the ground of abandonment and desertion. The bill contains a prayer for alimony *pendente lite* and counsel fees. Upon the filing of the bill the chancellor passed an order that the defendant pay to the plaintiff the sum of $500 per month as alimony *pendente lite,* and $1,000 as counsel fees, unless cause to the contrary be shown by the defendant, provided a copy of the titling of the case and the order of court be served upon him. The defendant filed an answer to the bill in the nature of a demurrer, stating that the answer is intended only as an answer to show cause why alimony *pendente lite* and counsel fees should not be allowed, and in no sense to be considered as an answer to the bill of complaint, and praying that it be received without prejudice to his right to answer, demur to, or file a cross-bill to, the said bill of complaint. The answer, in the nature of a demurrer, further averred that no alimony *pendente lite* or counsel fees ought to be allowed, because the bill of complaint did not set forth such cause or causes as are grounds for a divorce either *a mensa* or *a vinculo.*

The case was heard on bill and answer, together with testimony taken as to the financial worth of the defendant. Subsequently the chancellor passed a decree awarding the plain-

tiff the sum of $300 per month alimony *pendente lite,* accounting from the 26th day of July, 1926, the date of the filing of the bill, and the further sum of $1,000 as counsel fees. From that decree the appeal here was taken.

In the case of *Wilson v. Wilson,* 152 Md. 632, it was said: "When the allegations of the bill are sufficient to support either a divorce *a mensa et thoro* or *a vinculo matrimonii,* they are sufficient to support a bill for alimony alone. *Outlaw v. Outlaw,* 118 Md. 502; *Hood v. Hood,* 138 Md. 360; *Polley v. Polley,* 128 Md. 63; *Hoffhines v. Hoffhines,* 146 Md. 350." The correctness of the rule as above stated is not questioned by the appellant; his contention being that the bill in this case is insufficient as a basis for a decree for divorce either *a vinculo matrimonii* or *a mensa et thoro.* The single question, therefore, which we are asked to determine, is, Do the allegations and prayers of the bill of complaint set out facts which, if proven, would entitle the plaintiff to a divorce of either description?

The bill of complaint in substance sets forth that the plaintiff and defendant were married in 1911; that two daughters survive as the issue of said marriage, aged fourteen and eight respectively; that they lived at Hagerstown, Maryland, and at Atlanta, Georgia, after the marriage, until about May 6th, 1917, when the defendant abandoned the plaintiff and gave her no information as to where he intended to go; that about fourteen months after this desertion she learned that the defendant had enlisted in the military service and was in France; that some time in September, 1922, after the defendant's return from France, at his solicitation, she came to Hagerstown and took up her residence with the defendant, but that he showed no affection towards her, persistently and contemptuously slighted, ignored, and insulted her, and refused to cohabit with her; which conduct and demeanor of the defendant continued until some time in November, 1925, when he finally left the house where the plaintiff and her children were then domiciled, and took up his abode elsewhere in Hagerstown, and has continuously since said time lived separate and apart from the plaintiff and their chil-

dren, and has persistently refused to permit the plaintiff to live with him as his wife. The bill further alleges that the plaintiff was a good, kind, faithful, and affectionate wife to her said husband, and has never given him cause to desert and abandon her or refuse to live with her as his wife; that she is in nowise responsible for said separation; that she has at all times been willing and anxious to live with the defendant and do and perform in all respects her wifely duties, but that the defendant has prevented the same, and has shown a steady indifference and growing dislike and lack of affection for the plaintiff and their children, which is manifested by showing no concern in the welfare of his family, his failure to visit his children, and his amours and repeated indiscretions at Hagerstown and elsewhere since marriage with sundry loose and profligate female persons. The prayers of the bill are, for divorce *a mensa et thoro,* for the custody of the infant children, and that the defendant be charged with their maintenance and support, and for alimony *pendente lite* and counsel fees. There is also a prayer for general relief.

It will be seen from the above allegations, that the defendant has continuously refused to cohabit with the plaintiff since September, 1922, for a period of more than three years before the filing of the bill of compaint, although he did not actually leave the domicile of the plaintiff until about November, 1925. The law in this state is settled that the refusal of one spouse, without just cause, to cohabit with the other, is an act amounting to desertion on the part of the one so refusing. In the case of *Klein v. Klein,* 146 Md. 27, the rule is thus stated: "Abandonment or desertion, as a marital offense, consists in the voluntary separation of one of the married parties from the other, or the refusal to renew suspended cohabitation, without justification either in the consent or the wrongful conduct of the other party. *Bishop on Marriage, Divorce, and Separation,* vol. 1, secs. 1662-1663; *Gill v. Gill,* 93 Md. 650; *Taylor v. Taylor,* 112 Md. 666; *Buckner v. Buckner,* 118 Md. 101." See also *Roth v. Roth,* 145 Md. 83; *Ruckle v. Ruckle,* 141 Md. 213; *Mar-*

*tin v. Martin,* 141 Md. 185; *Fleegle v. Fleegle,* 136 Md. 631; *Owings v. Owings,* 148 Md. 124.

In this case the desertion on the part of the defendant had continued for more than three years before the filing of the bill, a sufficient length of time to have entitled the plaintiff to a divorce *a vinculo.* The contention of the appellant is that, the prayer of the plaintiff being for a divorce *a mensa,* while the allegations show her entitled to a divorce *a vinculo,* the court is powerless to pass any decree of divorce, and therefore, not being able to decree a divorce of either description, the decree providing for alimony *pendente lite* and counsel fees is erroneous. He relies on the case of *Stewart v. Stewart,* 105 Md. 297, in support of that proposition. In that case the bill was for a divorce *a mensa,* and the ground alleged was adultery, which is a cause for divorce *a vinculo* alone, thus presenting an entirely different case from the one now under consideration.

The causes entitling a party to a divorce in this state are fixed by statute, certain causes entitling a party to a divorce *a vinculo,* and certain causes to a divorce *a mensa.* These are contained in sections 38 and 39 of article 16 of the Code of 1924; section 38 being: "Upon a hearing of any bill for divorce, the court may decree a divorce *a vinculo matrimonii* for the following causes, to wit: First, the impotence of either party at the time of the marriage; secondly, for any cause which, by the laws of the state, render a marriage null and void *ab initio;* thirdly, for adultery; fourthly, when the court shall be satisfied by competent testimony that the party complained against has abandoned the party complaining, and that such abandonment has continued uninterruptedly for at least three years, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation; fifthly, when the woman before marriage has been guilty of illicit carnal intercourse with another man, the same being unknown to the husband at the time of the marriage, and when such carnal connection shall be proved to the satisfaction of the

court." Section 39 provides: "Divorces *a mensa et thoro* may be decreed for the following causes, to wit: First, cruelty of treatment; secondly, excessively vicious conduct; thirdly, abandonment and desertion."

In *Schwab v. Schwab,* 93 Md. 385, it was said: "An action for a divorce *a vinculo* is in every respect different from that for a divorce *a mensa et thoro.* They are both statutory proceedings and they proceed upon different sections of the statute, are founded upon a different state of facts and aim at entirely different results." In *Stewart v. Stewart, supra,* Judge Pearce, speaking for this Court, after quoting from *Schwab v. Schwab, supra,* said: "The question here is not, as stated by the appellee, whether the party complaining can be required to take more than is desired or asked for but whether the court has power to grant any other relief upon the single ground stated, than the one provided by the statute. Whatever views we might entertain of the wisdom of the law in discriminating and fixing the different grounds upon which alone these respective forms of divorce may be granted, our only power is to construe the law as it stands upon the statute book, and we are not able to construe this law otherwise than we have done." The Court there reached the conclusion that, upon the allegation of adultery, the form of the decree could only be that pointed out by the statute for such cause, namely, *a vinculo.* It will thus be seen that when a certain cause is alleged upon which a decree for divorce is asked, to enable the court to grant the relief prayed, the cause alleged in the bill must be that contained in the statute providing for that form of divorce. To illustrate, if the ground alleged is adultery, no divorce *a mensa* can be granted, for the reason that the statute, designating the causes upon which a decree *a mensa* can be based, does not include adultery.

The allegation in the bill now under consideration is abandonment and desertion. Section 39 of article 16, above quoted, makes abandonment and desertion a cause for divorce *a mensa,* and is silent as to its duration. In *Brown v. Brown,*

2 Md. Ch. 317, affirmed in 5 Gill, 249, this Court said: "A divorce *a mensa et thoro* may be granted for abandonment and desertion without regard to its duration." In *Harding v. Harding,* 22 Md. 337, Judge Bartol, speaking for the Court, said: "It has been decided that 'by the third section of the Act of 1841, ch. 264, a divorce *a mensa et thoro* may be granted for abandonment and desertion without regard to its duration.' " And again, in *Young v. Young,* 136 Md. 84, it was said by Judge Burke, delivering the opinion of the court, that: "By section 38 (now 39), article 16, of the Code, a divorce *a mensa* may be granted for abandonment and desertion without regard to duration."

From these authorities it is well settled that a divorce *a mensa* may be decreed on the ground of abandonment and desertion, whether the abandonment has continued for the period of less or more than three years, provided the abandonment and desertion be the deliberate act of the party complained of, done with the intent that the marriage relation shall no longer exist. Abandonment and desertion, as a ground for divorce *a mensa,* contain two inherent affirmative elements: First, cohabitation ended; and second, the offending party's intention to desert. To entitle a party to a divorce *a vinculo* on this ground, in addition to the two above named elements, the court must be satisfied by competent testimony that such abandonment has continued uninterruptedly for at least three years and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation.

It is also to be noted that section 41 of article 16, Code of 1924, provides: "When a bill prays for a divorce *a vinculo matrimonii,* the fact that the parties have been divorced *a mensa et thoro* shall not be taken to interfere with the jurisdiction of the court over the subject, and a party who has obtained a divorce *a mensa et thoro* on the ground of abandonment, which at the time of obtaining said divorce was not of the character and duration specified in section 38 of this article, shall not be estopped thereby from subsequently obtaining a divorce *a vinculo matrimonii* on the ground of

abandonment proved to be of the character and duration speci-
fied in said section 38." The language of this section plainly
negatives the right of a party who has obtained a divorce *a
mensa et thoro* on the ground of abandonment, which at the
time of obtaining said divorce was of the character and dura-
tion specified in section 38, from thereafter on the ground
of abandonment obtaining a divorce *a vinculo matrimonii.*
This section, by necessary implication, is a recognition by
the Legislature of the right of a party to obtain a divorce
*a mensa et thoro* on the ground of abandonment, when such
abandonment has continued for a period of more than three
years; otherwise there would have been no purpose in pro-
viding that the party, after having obtained a divorce *a
mensa et thoro,* could subsequently on the ground of abandon-
ment obtain a divorce *a vinculo matrimonii,* provided at the
time of obtaining the first divorce the abandonment was
not of the character and duration specified in section 38,
in respect to divorce *a vinculo.* We mention this, not as
controlling our decision, but simply as indicating the legis-
lative construction put upon section 39.

We are of the opinion that, if the allegations of the bill
are sustained by the proof, the appellee would be entitled
to a divorce *a mensa et thoro,* and consequently is entitled
to alimony *pendente lite* and counsel fees. The record dis-
closes that the appellant is not complaining as to the amount
of alimony and counsel fees, this being shown by the instruc-
tions given by the appellant to the clerk in making up the
original record, although a supplemental record was filed
before the case was reached for argument; and it is only
necessary for us to add that we have examined the testimony
contained in the supplemental record, in respect to the finan-
cial worth and income of the defendant, and are of the
opinion that the amounts allowed by the chancellor as ali-
mony *pendente lite* and counsel fees are just and proper
under the circumstances. Finding no error in the decree
appealed from, it must be affirmed.

*Decree affirmed, with costs to the appellee.*