HARRY D. KRUSE *v.* MARY A. KRUSE

[No. 23, April Term, 1944.]

*Decided June 13, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*Randolph Barton, Jr.,* with whom was *William R. Semans* on the brief for appellant.

*Max Sokol,* with whom was *Howard C. Bregel* on the brief, for the appellee.

BAILEY, J., delivered the opinion of the Court.

·On September 28, 1943, Harry D. Kruse, the appellant, filed a bill of complaint in the Circuit Court for Baltimore City, praying for a divorce *a vinculo matrimonii* from Mary A. Kruse, the appellee. The bill alleges that on December 13, 1940, Circuit Court No. 2 of Baltimore City entered a decree granting him a divorce *a mensa et thoro* from the defendant; that on appeal the Court of Appeals of Maryland affirmed the said decree by an opinion reported in 179 Md. 657, 22 A. 2d 475; that the said divorce *a mensa et thoro* was granted on the ground of abandonment and desertion; that for some time prior to and certainly since the date of said decree, December 13, 1940, the defendant has continuously lived apart from him; that said abandonment and desertion has continued uninterruptedly for more than eighteen months immediately preceding the filing of the bill and is deliberate and final; and that the separation of the parties is beyond any reasonable expectation of reconciliation.

In her answer the defendant denies that the plaintiff is entitled to a divorce *a vinculo matrimonii,* which he previously sought in the Circuit Court No. 2 of Baltimore City on the same ground which he alleges in the present bill and which was denied by the Court in its decree of December 13, 1940, and alleges that he is now estopped from seeking a divorce *a vinculo matrimonii* by reason of said decree.

The allegations of the bill were satisfactorily proved by the testimony taken before the Chancellor, but the Chancellor concluded, as stated in his opinion, that the plaintiff "exhausted his remedy when he suffered a decree *a mensa,* instead of a decree *a vinculo,* to be entered in his favor on December 13, 1940, without having the correctness of the decision of the Circuit Court No. 2 tested by an appeal, and that the matter is *res adjudicata* and that that decree is a bar to the relief now prayed". From his decree of December 30, 1943, dismissing the bill of complaint filed on September 28, 1943, the present appeal is taken by the plaintiff.

In reaching his conclusion, the Chancellor relied upon Section 44 of Article 16, Code 1939, as said section, then Section 41 of Article 16, Code 1924, was construed by this Court in the case of *Miller v. Miller,* 153 Md. 213, 138 A. 22, and upon the portion of Section 41 of Article 16, Code 1939, dealing with divorces *a mensa et thoro,* which provides that "the court may decree a divorce *a mensa et thoro* in cases where a divorce *a vinculo matrimonii* is prayed, if the causes proved be sufficient to entitle the party to the same." This latter section, which appeared as Section 39 of Article 16, Code 1924, was before this Court in the case of *Downs v. Downs,* 154 Md. 430, at page 434, 140 A. 831, at page 832, and the Court said: "While the separation, after the husband's rejection of the wife's request for a reunion, had not continued for the statutory period of three years, and hence the prayer of her cross-bill for an absolute divorce could not be granted, yet, as the proof supported her right to a partial divorce, and as the court had authority to pass a

decree to that end, though a divorce *a vinculo* was prayed (Code, Art 16, Sec. 39), the dismissal of the cross-bill cannot be affirmed."

Section 44 of Article 16, Code 1939, provides as follows: "When a bill prays for a divorce *a vinculo matrimonii*, the fact that the parties have been divorced *a mensa et thoro* shall not be taken to interfere with the jurisdiction of the court over the subject, and a party who has obtained a divorce *a mensa et thoro* on the ground of abandonment, which at the time of obtaining said divorce was not of the character and duration specified in Section 40 of this article, shall not be estopped thereby from subsequently obtaining a divorce *a vinculo matrimonii* on the ground of abandonment proved to be of the character and duration specified in said Section 40." Section 40, as amended by Chapter 90, Acts of 1941, enumerates the causes for which the Court may decree a divorce *a vinculo matrimonii* and sets forth one of said causes as follows: "fourthly, when the court shall be satisfied by competent testimony that the party complained against has abandoned the party complaining, and that such abandonment has continued uninterruptedly for at least eighteen months, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation". The only change made by Chapter 90, Acts 1941, was to reduce the period of the abandonment from three years to eighteen months.

In *Miller v. Miller, supra*, the Court, after referring to and quoting from the cases of *Brown v. Brown*, 2 Md.Ch. 316, 317, affirmed in 5 Gill 249, *Harding v. Harding*, 22 Md. 337, and *Young v. Young*, 136 Md. 84, 110 A. 207, all of which held that a divorce *a mensa et thoro* may be granted for abandonment and desertion without regard to its duration, said at page 219 of 153 Md., at page 24 of 138 A.: "From these authorities it is well settled that a divorce *a mensa* may be decreed on the ground of abandonment and desertion, whether the abandonment has continued for a period of less or more than 3 years, pro-

vided the abandonment and desertion be the deliberate act of the party complained of, done with the intent that the marriage relation shall no longer exist. Abandonment and desertion, as a ground for divorce *a mensa,* contain two inherent affirmative elements: First, cohabitation ended; and, second, the offending party's intention to desert. To entitle a party to a divorce *a vinculo* on this ground, in addition to the two above-named elements, the court must be satisfied by competent testimony that such abandonment has continued uninterruptedly for at least 3 years and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation." In the Miller case the bill alleged an abandonment and desertion continuing for more than three years but prayed not for a divorce *a vinculo matrimonii* but only for a divorce *a mensa et thoro.* All that the Court was called upon to decide in that case was whether or not a divorce *a mensa et thoro* could be awarded in such a situation and it was correct in holding that such a decree would be proper. But the Court in its opinion went further and, after quoting the language of Section 41 of Article 16, Code 1924, now Section 44 of Article 16, Code 1939, said: "The language of this section plainly negatives the right of a party who has obtained a divorce *a mensa et thoro* on the ground of abandonment, which at the time of obtaining said divorce was of the character and duration specified in Section 38, from thereafter on the ground of abandonment obtaining a divorce *a vinculo matrimonii.*" This is reading positive language into the statute in lieu of the negative language contained therein. It is unnecessary for us, in this case, to either affirm or reverse the dictum of the Miller case. In the case of *Williams v. Williams,* 156 Md. 10, at page 12, 142 A. 510, at page 511, the Court discusses the Miller case and states that the opinion therein is consistent with a conclusion "that a divorce *a mensa* for abandonment could be granted, as prayed in the bill, although the evidence showed that the separation had continued for more than the statutory period of three

years, and thus afforded ground upon which an absolute divorce might be sued for and obtained."

There was offered in evidence in the present case the record in the former case of *Kruse v. Kruse,* Nos. 10 and 11, October Term, 1941. This record discloses that the husband, in his cross-bill, prayed for a divorce *a vinculo matrimonii* on the ground of abandonment, alleging constructive desertion for the statutory period and of the statutory character. The Chancellor, however, awarded only a divorce *a mensa et thoro.* The wife appealed from the decree which dismissed her bill of complaint and awarded the husband a divorce *a mensa et thoro,* while the husband appealed only from that portion of the decree which required him to pay alimony pending the appeal. Upon an appeal in equity the whole case is open and the Court will examine the whole record. 3 Am. Jur., *Appeal and Error,* Sec. 814, page 356; *France v. Safe Deposit & Trust Co.,* 176 Md. 306, 4 A. 2d 717. The wife's appeal raised the question of the propriety of granting her husband a divorce *a mensa et thoro* and in affirming the decree the Court held that the Chancellor was correct in so deciding. Under the circumstances of the case and particularly in view of the fact that the husband throughout the proceedings in the lower court insisted that he was entitled to a divorce *a vinculo matrimonii,* we are of the opinion that the decree of December 13, 1940, affirmed by this Court on appeal, is *res adjudicata,* and that it is now improper to examine the record in that case to determine whether or not the testimony warranted a decree for divorce *a vinculo matrimonii.* While the subject is not discussed either in the memorandum opinion of the Chancellor or in the opinion of this Court in *Kruse v. Kruse, supra,* the Chancellor may well have found from the evidence in the former case that the abandonment and desertion was not of the character necessary to sustain a divorce *a vinculo matrimonii,* under Section 40 of Article 16, Code 1939, and the rule laid down in *Miller v. Miller, supra,* in that it was not deliberate and final or that the separation of the parties was not beyond any

reasonable expectation of reconciliation, even though its duration met the requirements of the statute. It should be noted that Section 44 of Article 16, Code 1939, refers to both the character and duration of the abandonment. We are also of the opinion that to warrant the Chancellor in decreeing a divorce *a mensa et thoro*, under Section 41 of Article 16, Code of 1939, where a divorce *a vinculo matrimonii* is prayed, he must find that the evidence offered would not sustain a decree for a divorce *a vinculo matrimonii*.

Even if there had been no appeal in the former case we feel that the decree of December 13, 1940, would have been conclusive upon the parties. A judgment or decree of a court having jurisdiction of the subject and the parties cannot be re-examined by the same parties in another suit. It is conclusive upon them of all questions put in issue by the pleadings. *Whitehurst v. Rogers,* 38 Md. 503; *State v. Brown,* 64 Md. 199, 1 A. 54, 6 A. 172; *Hill v. McConnell,* 106 Md. 574, 68 A. 199; *Mister v. Thomas,* 122 Md. 445, 89 A. 844; *Kiser v. Lucas,* 170 Md. 486, 185 A. 441. Until set aside by the court which rendered it, or reversed upon appeal, the judgment or decree is final and conclusive of the questions decided. *Emmert v. Middlekauff,* 118 Md. 399, 84 A. 540; *Mister v. Thomas, supra.* One of the questions decided by the decree of December 13, 1940, was that the husband, for some reason appearing to the Chancellor but now immaterial, was not entitled to a divorce *a vinculo matrimonii* on the ground of abandonment and desertion, either because of its character or of its duration, but that he was entitled to a divorce *a mensa et thoro* because of said abandonment and desertion. This matter is now *res adjudicata,* and neither the Chancellor nor this Court, in the present case, can go behind the decree in the former case in order to determine at this time whether the husband should have been granted a divorce *a vinculo matrimonii* or *a mensa et thoro* therein. To allow this would be, in effect, to allow the Circuit Court for Baltimore City to review a decree of Circuit Court No. 2 of Baltimore City. And this it can not do.

Instead of estopping the plaintiff from maintaining the present suit, we feel that under the plain and unmistakable language of Section 44 of Article 16, Code 1939, the plaintiff is now entitled to a divorce *a vinculo matrimonii* from the defendant. He is not estopped by the statute. Nor is he estopped by his own conduct. Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity from asserting rights, of property, contract, or remedy, which might perhaps have otherwise existed, as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse and who, on his part, acquires some corresponding rights, of property, of contract or of remedy. Pomeroy, *Equity Jurisprudence,* 4th Ed., Vol. 2, Sec. 804; *Brenner v. Plitt,* 182 Md. 348, 34 A. 2d 853, and cases there cited. We find none of the elements of equitable estoppel in this case. Throughout the proceedings in both cases the plaintiff here has insisted that he was entitled to' a divorce *a vinculo matrimonii,* and no voluntary conduct on his part has caused the defendant to change her position either for better or for worse. It is unnecessary for us to decide in this case what his position would have been had he elected to pray only for a divorce *a mensa et thoro* in the original suit.

It follows that the decree of the Chancellor dismissing the bill of complaint must be reversed.

> *Decree reversed, and cause remanded for the passage of a decree in conformity with this opinion, costs to be paid by appellant.*