### SMITH *v.* SMITH

[No. 179, September Term, 1957.]

*Decided March 25, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT and HORNEY, JJ., and J. DEWEESE CARTER, Chief Judge of the Second Judicial Circuit, specially assigned.

Submitted on brief by *Joseph S. Cullins, Jr.,* for appellant.

*Lansdale G. Sasscer, Jr.,* with whom were *Jerrold V. Powers* and *Sasscer, Clagett & Powers* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to an amended bill of complaint filed by a wife, praying that she

be awarded sole custody and guardianship of a minor child of the parties and maintenance and support for herself and the child, that she be awarded a divorce *a vinculo* on the grounds of abandonment, desertion, and cruelty of treatment, that she be awarded a counsel fee, and for other and further relief. The appellee moved to dismiss the appeal on the ground that the order was not a final one. It should be noted that the demurrer was to "the whole amended complaint", and that it did not comply with the provisions of Rule 373 b of the Maryland Rules, incorporating by reference the requirement of Rule 345 b, that it shall "state in detail the question of law or insufficiency of substance upon which the demurrer is founded." The order appealed from did not grant leave to amend. There can be no question that the order was appealable. *Riviere v. Quinlan,* 210 Md. 76, 77; *Columbian Carbon Co. v. Kight,* 207 Md. 203, 205, and cases cited. The case of *O'Keefe v. Scott,* 198 Md. 310, relied on by the appellee, was an action at law, where the rule is different from the rule in equity.

The original bill of complaint was filed on December 7, 1955. It prayed a divorce *a mensa,* and alleged that the parties had not cohabited since July, 1954. It did not allege that this was the fault of the husband, nor did it in terms charge abandonment or desertion. It alleged various acts or omissions of the husband that were a "source of mental anguish and embarrassment to the Plaintiff", but it did not in terms charge cruelty. The amended bill, filed on August 28, 1956, prayed a divorce *a vinculo* on the grounds of abandonment, desertion and cruelty of treatment, and alleged that the defendant ceased to cohabit with the plaintiff in July, 1954, "wrongfully and without justification" and "with the intention of ending the marital relationship". It alleged that "On numerous occasions between the months of July, 1954, and November of 1955, when the Plaintiff ceased to sleep with the Defendant, the latter did kick the Plaintiff and order her to remove herself from his side of the bed, indicating no desire whatsoever to resume his marital duties, and there has been no cohabitation between the parties up to the

present time". It further alleged that "there is no reasonable hope or expectation of a reconciliation of the parties." It detailed certain acts and omissions on the husband's part, including allegations of failure to provide the necessities of food, clothing and fuel for her and the child, which were alleged to constitute "mental cruelty to the Plaintiff, which has adversely affected her physical condition".

It is well settled that a demurrer to an entire pleading must fail if, eliminating any part thereof that may be defective, enough remains to present a sufficient ground for relief. *Ruhl v. Wagner,* 146 Md. 595, 601. The amended bill contained allegations, admitted to be true by the demurrer, that would require retention of jurisdiction by the court, if only for the purpose of awarding custody and support of the minor child, if the allegations were supported by proof. *Mower v. Mower,* 209 Md. 413, 419; *Sause v. Sause,* 192 Md. 88, 93; Code (1957), Art. 16, sec. 25. It is true that in the cases cited the bill for divorce was dismissed after hearing, but we think that is not a valid ground of distinction. Equity has long had jurisdiction to award custody and support of infants, wholly apart from its jurisdiction to award divorce, but until 1920 the divorce courts' jurisdiction over infants was only incidental. The purpose of the statute, as amended by Chapter 574, Acts of 1920, was to allow the court to pass on the question of custody and support, where such relief was prayed, whether a divorce was granted or denied, and thus avoid the necessity of a separate proceeding. See *Hood v. Hood,* 138 Md. 355, 362. It was intimated in that case that ordinarily the question of divorce should be decided before the question of custody. The effect of the ruling on demurrer was to deny the prayer for divorce and dismiss the bill. The demurrer should have been overruled on this point alone.

Since the case must be remanded, and questions may arise in the trial of the case as to the extent of the relief that may be granted under the pleadings, we think it proper to discuss other points raised by the appellee. It is well settled that a bill for divorce need not set out the facts and circumstances that constitute the evidence of the causes of divorce alleged,

and that a bill is sufficient if it charges the statutory grounds in the language of the statute. *Etheridge v. Etheridge,* 120 Md. 11, 14; *Darner v. Darner,* 157 Md. 97, 98; *Besche v. Besche,* 209 Md. 442, 447. As stated in the *Etheridge* case, abandonment and desertion and cruelty have been regarded in this State "as mixed questions of law and fact to be decided at the final hearing." Such grounds may be proved by a great variety of circumstances, and it would seem to follow that the pleader is not confined to the particular allegations of fact contained in the bill. The amended bill in the *instant* case, insofar as it alleges the grounds of abandonment and cruelty in the language of the statute, is not open to demurrer.

The appellee contends, however, that the bill is demurrable, insofar as it prays a divorce *a vinculo,* because it appears that at the time of the filing of the original bill, on December 7, 1955, the abandonment alleged to have occurred in July, 1954, had not continued for a period of eighteen months. He argues that the amendment of the prayer of the original bill, which prayed a divorce *a mensa,* was improper, because it sought to bring in by amendment a cause of action occurring, or ripening into a statutory offense of a higher order, after the filing of the original bill. It is clear that the objection would not prevent the court from decreeing a divorce *a mensa,* under the prayer for divorce *a vinculo.* Code (1957), Art. 16, sec. 25; *Downs v. Downs,* 154 Md. 430, 434. No amendment would be necessary if the proof established a right to a divorce *a mensa.* See *Note,* 9 Md. L. Rev. 184, 188.

The question of the right to amend under the circumstances alleged, has not been passed upon in previous Maryland decisions. See *Note,* 9 Md. L. Rev., *supra,* p. 189. It is the general rule that matters which have occurred since the filing of an original bill cannot be added by amendment. *Miller, Equity Procedure,* sec. 187. They may, however, be brought in by supplemental bill. See Maryland Rule 379. But in *Schwab v. Schwab,* 93 Md. 382, it was held that, even by supplemental bill, it was improper to bring in a new cause of action, adultery committed during the pendency of a bill for

divorce *a mensa* on the ground of cruelty and abandonment. See also *Schwab v. Schwab,* 96 Md. 592.[1] In *Woodcock v. Woodcock,* 169 Md. 40, while an amendment from a bill for alimony to one for a decree *a mensa* was not allowed, the holding was based on a lack of jurisdiction under the circumstances, and not on a point of pleading. An amendment of that nature was approved in *Ritz v. Ritz,* 188 Md. 336, 344, even in the absence of a prayer for general relief. It was pointed out that alimony could only be granted on grounds sufficient to sustain a decree, at least for a divorce *a mensa,* so that the amendment did not make it a new bill. See also *Hull v. Hull,* 201 Md. 225, 232. In *Brooks v. Brooks,* 184 Md. 419, it was held that no amendment was necessary to obtain a divorce *a vinculo,* where the original bill prayed alimony and other and further relief, citing *Wald v. Wald,* 161 Md. 493. However, in that case it was alleged that the abandonment had continued for more than the statutory period before the filing of the original bill. In both the *Brooks* and *Ritz* cases there were local rules of court which forbade a decree for divorce within thirty days from the filing of the bill. In *Besche v. Besche, supra,* it was held that an act of desertion, occurring after the filing of a bill, was not a bar to a subsequent suit based thereon, because the act could not have been considered by the court in the former suit, although it occurred before trial.

It seems clear from these cases that an act constituting a new cause of action, although it may be made the basis of a new bill, cannot be brought in by way of amendment or supplemental bill. The question is whether the additional facts brought in by amendment in the instant case, as to the character and duration of the abandonment specified in Code (1957), Art. 16, sec. 24, constitute a new cause of action within the meaning of the rule. If a divorce *a mensa* had been obtained under the original bill, it would not have been a bar

---

1. It may be noted that the Rules Committee has proposed that the rule laid down in these cases be changed. (Rule 1190-3, not yet adopted.)

to a subsequent bill for divorce *a vinculo* under the express provisions of Code (1957), Art. 16, sec. 31. See *Kruse v. Kruse,* 183 Md. 369, distinguishing *Miller v. Miller,* 153 Md. 213, which turned on estoppel.

We are constrained to hold that unless the appellant brings a new bill based on the constructive desertion, she cannot obtain a divorce *a vinculo* based on this ground. Of course, the amendment was not improper so far as the charge of cruelty is concerned, nor would she be precluded from obtaining a divorce *a mensa* on the ground of constructive desertion, although the charge may be difficult to prove or to corroborate. But we think the amendment, so far as the constructive desertion is concerned, did introduce a new cause of action, based on a different statutory ground. Cf. *Stewart v. Stewart,* 105 Md. 297, 302, citing *Schwab v. Schwab,* 93 Md. 385, *supra,* and *Robertson v. Robertson,* 9 Daly 44, 53 (N. Y.). See also *Chapman v. Chapman,* 132 N. Y. S. 2d 707, 712. The amendment relies upon the same initial act of desertion alleged in the original bill, but it also relies upon allegations of fact as to the character and duration of the offense, occurring subsequent to the original bill, and necessary to relief under sec. 24, *supra.* Under the existing law and practice, we think that allegations of facts essential to the relief prayed, occurring subsequent to the filing of the original bill, cannot be brought in either by way of amendment or supplemental bill. It may be that the result is undesirable, because the present rule may require two actions to determine matters that are ripe for determination in one, with additional costs to the parties. We think, however, that the matter is one for consideration by the Rules Committee, and not for alteration by judicial decision in the instant case.

Counsel for the appellant asks that we award him a counsel fee for prosecuting this appeal in the same amount prayed in the original and in the amended bill. The Chancellor did not pass on the question in sustaining the general demurrer, and we shall not do so at this time. There is no doubt that the wife is a favored suitor and entitled to counsel fees, but the amount, if any, is somewhat dependent upon the relative re-

sources of the parties. See *Frank v. Frank,* 207 Md. 124, 130, and *Bennett v. Bennett,* 197 Md. 408, 416.

The Chancellor can consider the matter upon remand.

> *Order reversed, and case remanded for further proceedings not inconsistent with the views herein expressed, costs to be paid by the appellee.*