## WOOD *v.* WOOD

[No. 79, September Term, 1961.]

*Decided December 5, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and SYBERT, JJ.

*Stanley R. Jacobs* for the appellant.

*J. Grahame Walker* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

In this case a divorced husband appeals from an order granting custody of his twelve-year-old boy to the boy's

mother. The parties were married in 1945, and the child, Thomas, was born in January, 1949. It appears that in March, 1949, the husband, a Second Lieutenant in the Air Force, was stationed in Missouri. The wife had evidently returned to her parents' home in Baltimore. A series of abusive letters written by him at that time and in 1950 indicate that the marriage was a failure and that he had lost any affection for her that he may have had. In 1952 he obtained a divorce *a mensa,* on the ground of desertion by her. In 1956, he was granted a divorce *a vinculo* on the same ground. By mutual consent, he was awarded nominal custody, on condition that Thomas be enrolled in McDonogh School as a boarding student and that the mother have Thomas with her for one-half the holidays and summer vacations.

In July, 1957, the mother married a Mr. Horton, a resident of Landover, Maryland. It appears that she had had a child by him in 1951, while Mr. Wood was overseas. In 1958, she sought to obtain custody of Thomas, who was still at Mc-Donogh, because of the fact that Mr. Wood, who was still in the service, had been ordered to duty in Denver, Colorado. The court, however, ordered that the child be continued at McDonogh, where he was doing well scholastically, with equal visitation rights to the parents. In 1959, she again sought custody, because her then husband, Mr. Horton, had been transferred to New York. A motion for an indefinite continuance was filed by counsel for Mr. Wood on the ground that he had been hospitalized at Denver in the "closed psychiatric ward". The court denied the continuance, awarded custody to the mother, and permitted her to take Thomas to New York.

In March, 1960, Mr. Wood received a medical discharge from the service. He had remarried in 1958 and in August, 1960, he sought custody of Thomas. After a full hearing, the chancellor continued custody in the mother, with the right in Mr. Wood to have Thomas during the months of July and August each year. This appeal followed. It appears that the Hortons are now living in Norwalk, Connecticut, in a substantial home, and that Thomas is happy and doing well socially and scholastically. Mr. Horton has received several promotions, and his present salary is $30,500.00 a year. Thomas

expressed a preference for living with his mother. The new Mrs. Wood, a divorcee with one child eight years of age, and two infants by Mr. Wood, expressed a willingness to take Thomas, but only if he wanted to live with them.

The appellant relies heavily on the cases of *Hild v. Hild,* 221 Md. 349, and *Parker v. Parker,* 222 Md. 69. In each of these cases an award of custody to an adulterous mother who had married a paramour was reversed. Both cases, however, recognized that the rule was not inflexible and did not purport to overrule any previous case where such an award had been sustained. See also *Bray v. Bray,* 225 Md. 476. We think the cases cited are distinguishable on their facts. In the case at bar the adulterous act occurred more than ten years ago at a time when the parties were separated and obviously married in name only. Aside from this indiscretion, there is nothing to suggest that she has a bad character or reputation or is unfit to rear her child. The child is also of an age when its wishes very properly can be considered. The chancellor saw and heard the witnesses. He had an opportunity to evaluate, from the point of view of what is best for the child, the relative stability, sincerity and credibility of the parties and their respective spouses. We cannot find that he abused his discretion or that his conclusion on the facts was clearly wrong.

*Order affirmed, with costs.*