## GRIGGS *v.* GRIGGS

[No. 255, September Term, 1961.]

*Decided May 8, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Robert E. Bullard* for appellant.

*Glenn J. Goldburn* for appellee.

PER CURIAM.

This is an appeal from an order awarding custody of the two minor children of the parties to the appellee, the divorced wife of the appellant. The order appealed from is one of a series of orders dealing with the custody of these boys, the elder of whom is now a little over ten years old and the younger a little less than nine.

In 1956, when the parties were living in New Jersey, the wife left the marital home, took the children with her and moved to Rockville, Maryland, where she went to work as a nurse at Chestnut Lodge, a sanitarium for mental patients. The first legal move was her filing suit in the Circuit Court for Montgomery County for custody of the children, upon which a consent decree was entered. We shall not set out in detail the provisions of this decree or of subsequent decrees as to visitation rights, division of time between the parents or support; but one or more such provisions are to be found in the several orders granting or changing custody. The orders will be referred to simply as awarding custody to the party to whom the principal or general award of custody was made.

In 1957 the husband brought suit for divorce in Montgomery County and was awarded an absolute divorce in May of that year on the ground of desertion. In accordance with a stipulation custody of the children was awarded to the wife. In August and September, 1958, the father sought unsuccessfully to have custody transferred to him. The wife got into serious mental difficulty, and the husband (for the second time) took the children back to New Jersey. With the wife's agreement, custody was transferred to him by a decree dated June 20, 1960. This decree was modified to some extent on August 5, 1960, and was again somewhat modified on October 14, 1960. In June, 1961, the mother filed a petition for change of custody and after a hearing on September 26, 1961 custody was transferred to her. The appeal is from the decree so providing.

The record indicates that there is much to be said in favor of each of the parties and it appears that either could afford the children a good home. The husband has remarried and has one son by his second wife. She had had some mental difficulty about seventeen years before the hearing but had apparently fully recovered and had been a teacher for some eleven years. The father holds a Ph.D. degree and is an administrative assistant in physics at the University of Maryland. The mother of the children is an experienced nurse and has held responsible supervisory nursing positions in two institutions in or near Rockville and has worked at the National Institutes of Health. At the time of the last hearing she was superintendent of nurses at a hospital. Unfortunately, each parent has had serious mental difficulties, and there is ground for very substantial criticism of each of them for past actions. The father's troubles are further in the past than the mother's, and have not recurred in more than ten years. The Chancellor was convinced from the testimony before him that the wife had fully recovered, though she had had trouble more recently than the husband and had had a recurrence thereof. He concluded that it was to the best interest of the children that custody be awarded to the mother, and the best interest of the children is, of course, the test in a custody case. *Wood v. Wood,* 227 Md. 112, 175 A. 2d 573, is one of our many and one of our most recent decisions so holding. We think that it would serve no useful purpose for us to set forth the evidence adverse to either party. The Chancellor saw and heard the witnesses. We cannot say that the conclusions of fact which he drew from the testimony were clearly erroneous. He correctly applied the law to those conclusions. The decree will accordingly be affirmed. Maryland Rule 886 a, *Wood v. Wood, supra.*

*Decree affirmed with costs.*