## FERSTER *v.* FERSTER

[No. 197, September Term, 1964.]

 

*Decided February 17, 1965.*

The cause was submitted to PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and OPPENHEIMER, JJ.

Submitted on brief by *G. Gregg Everngam* and *Everngam, Tomes & Spragins* for the appellant.

Submitted on brief by *James T. Reilly* and *Interdonato, Lombard & Reilly* for the appellee.

MARBURY, J., delivered the opinion of the Court.

Charles B. Ferster, appellee, filed an amended bill of complaint on August 7, 1963, for divorce *a vinculo matrimonii* on the ground of adultery against the appellant, Marilyn B. Ferster, and for custody of their four minor children. After an answer had been filed by the appellant, the case was heard in open court on April 7, 1964, by Judge Anderson who filed a memorandum opinion and issued a final decree on April 14, 1964, granting the divorce and awarding custody of the four minor children to the father, with visitation rights to the mother. The mother appeals only from that part of the decree awarding custody of the children to the appellee.

The appellant and appellee were married in New Jersey in 1947. There had been difficulties during the marriage and, in January 1963, they orally voluntarily agreed to live separate and apart. The original bill of complaint was filed by appellee on June 3, 1963, and was served, together with process, on the

appellant June 10 of that year. Some time after this date she departed from the State of Maryland, taking all of the children with her. A hearing was held before Judge Shook on June 28, 1963, and on July 3 she awarded the custody of the children to the appellee pendente lite. At the trial of the case on April 7, 1964, the appellant did not appear in court but was represented by her counsel. She offered no testimony in her behalf, but submitted as an exhibit an order passed by the Superior Court of Fulton County, Georgia, on August 9, 1963, awarding her temporary care, custody and control of the children.

Since the appellant does not question that portion of the lower court's decree granting the divorce in favor of the appellee, but contests only the award of custody of the children, the correctness of the latter provision of the decree is all that will be considered here. In finding that the father as a fit and proper person was entitled to the custody of the four children, the chancellor also found from the evidence that the appellant was an unfit mother and was not entitled to their custody. The record indicates that since the separation of the parties the appellant has engaged in immoral conduct in the same house and in the presence of the children. Her paramour was a frequent visitor to her home and finally became a part of the household. There was an unhealthy environment of drinking parties and general instability in the home. A next door neighbor testified that the little girl, Andrea, came to her home daily. The child was poorly dressed and she often gave her breakfast. She further stated that the children were allowed in the street, and that Warren, the youngest child, would be tied out in the back yard with a long rope, frequently without shoes and never properly or warmly dressed. The husband and other witnesses substantiated this testimony.

From the foregoing evidence, we agree with the chancellor that the best interests of the minor children necessitated their being placed in the custody of their father. This interest is the overriding consideration in determining to whom the custody of children should be awarded. *Wallis v. Wallis,* 235 Md. 33, 200 A. 2d 164; *Glick v. Glick,* 232 Md. 244, 192 A. 2d 791; *Hild v. Hild,* 221 Md. 349, 157 A. 2d 442. Further, in cases such as this where the mother was found guilty of adultery. cus-

tody of young children should be in the father where he is shown to be a fit and proper person. *Wallis v. Wallis, supra; Winter v. Crowley, Jr.,* 231 Md. 323, 190 A. 2d 87; *Insogna v. Insogna,* 229 Md. 33, 181 A. 2d 677. Not to be overlooked is the opinion of the Supreme Court of Georgia which reversed their lower court, and found that appellant was unworthy to have custody of the children. *Ferster v. Ferster,* 138 S. E. 2d 674, rehearing denied October 13, 1964. That court said:

> "* * * Opposing that ruling [that there was a change of conditions as found by the Superior Court of Fulton County] are the admitted adulterous conduct of the mother; her surreptitious taking of the children out of the State of Maryland in open defiance of the expressed prohibition of the Maryland court; her coming to Atlanta where the man with whom she had the adulterous relations lives with his family; her resisting legal efforts of the father to obtain custody in the Georgia courts in accord with the Maryland judgment. * * * All these combine to refute her worthiness and conclusively show no change in conditions affecting the children that would warrant entrusting them to her while she still defies the Maryland court, * * * and lives in the same city with the man with whom she was shown to have engaged with in adulterous conduct. The law and the evidence demanded that the father be given all of the children, and it was error to rule otherwise."

When both parents seek custody, a court must decide whether either is, or which is better, suited to bear the responsibilities of rearing the children. In view of the conditions and circumstances disclosed by the record, we affirm the custody provision of the chancellor's decree.

> *Custody provision of decree affirmed. Costs to be paid by appellee.*