THUMMA, ET UX *v.* HARTSOOK, ET UX

[No. 8, September Term, 1965 (Adv.).]

*Decided May 24, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Henry J. Noyes* for appellants.

No brief and no appearance for appellees.

SYBERT, J., delivered the opinion of the Court.

The question presented in this appeal from two interlocutory orders in an adoption proceeding (such appeals being specifically permitted by Code (1957), Art. 16, sec. 84) is whether or not the Circuit Court for Montgomery County properly placed the subject child in the custody of the Montgomery County Welfare Board pending complete investigation, hearing and determination of the adoption petition.

Since no testimony has as yet been taken in the proceeding, the only "facts" before us are those alleged in the pleadings (and as to these there is some dispute), the orders of the Chancellor, and the brief and oral argument of the appellants. The appellees filed no brief and made no oral argument before us.

It appears that Nell Doreen Thumma, the child in question, was born on May 30, 1963, to the appellants, Robert E. Thumma and Phyllis L. Thumma, his wife, both minors. (Their age is not given.) Being unable to provide a home for the child at that time, apparently because they were impecunious and living apart, the parents placed the child with a friend, Sarah Jean Herrington, a divorcee with three teen-age children, who later married William F. Hartsook. Some months later the county People's Court for Juvenile Causes, after a hearing, found that the child had been without proper care and guardianship and placed her in the temporary custody of Mrs. Hartsook, with visitation privileges to the parents.

About a year later the Hartsooks filed in the circuit court a petition for the adoption of the child. The Thummas answered, and also filed a petition alleging that they were now able to care for the child and asking that her custody be awarded them, *pendente lite* and permanently. A hearing on an order to show

cause why the adoption petition should not be granted was held, at which arguments of counsel were heard but no testimony taken. The court requested an investigation by the county's Department of Parole and Probation and received that agency's report the next day. Thereupon the court passed an order on December 14, 1964, reciting that upon investigation it appeared that the best interests of the child would be served by forthwith placing her in the custody of the County Welfare Board pending final determination of the cause, and so ordering.

Shortly before the passage of the order the Thummas had obtained physical possession of the child from the Hartsooks. They failed to deliver her to the Welfare Board, and, after issuing and withdrawing a bench warrant for the infant's father, the circuit court passed an order on January 13, 1965, directing the Thummas to deliver their child to the Welfare Department. The parents filed a motion for reconsideration, and, in its order denying the motion, the court recited that:

> "* * * The initial investigation reveals that the said Thummas had delivered the infant child over to the custody of the Petitioner because they were unable to care for her; their situation, financially, with respect to housing, and otherwise is at present completely unstable; and that the best interests of said infant child dictate that she be temporarily placed with the Montgomery County Welfare Department, pending complete investigation and the hearing on this subject Petition. * * *"

In this appeal from the two orders placing the child in the temporary care of the Welfare Board, the parents point to court decisions stating that where natural parents claim the custody of their infant there is a *prima facie* presumption that the child's best interests will be served by the award of custody to them, *McClary v. Follett, Jr.,* 226 Md. 436, 174 A. 2d 66 (1961), and cases cited, and they claim their parental rights were violated by the orders because there has been no evidence that they have abused or neglected the child. However, it is invariably held in custody cases that the best interests of a minor child are the overriding consideration in determining the award-

ing of custody. *Ferster v. Ferster,* 237 Md. 548, 207 A. 2d 96 (1965). Parental rights must yield to this paramount principle. Unlike the situation in *Crump v. Montgomery,* 220 Md. 515, 154 A. 2d 802 (1959), relied upon by the appellants, it is clear from the chancellor's orders that he made a finding, based on the investigation made, that the parents' situation (at the time of the orders) was "financially, with respect to housing, and otherwise * * * completely unstable" and that the best interests of the child dictated that she be placed immediately, but temporarily, with the Welfare Board pending complete investigation and final determination of the proceedings. It would appear from the wording of the orders that the court felt that somewhat of an emergency existed. In a case such as the present one it is clear that the court may make a temporary award of custody, even prior to a hearing, if it deems such actions in the child's best interests. Maryland Rule D 79; Code (1964 Cum. Supp.), Art. 16, sec. 66; cf. Code (1964 Cum. Supp.), Art. 26, sec. 58. The parents will have their day in court when the case is heard. We cannot say on this record that the conclusion reached by the chancellor with respect to temporary custody was wrong. *Ex Parte Frantum,* 214 Md. 100, 105, 133 A. 2d 408 (1957).

It was suggested by counsel for the appellants that if we affirm the orders appealed from they might be held in contempt for not obeying the orders. Without deciding the effect of the appeal on the immediate enforceability of the orders, we assume that the lower court will hear the case on its merits and decide it expeditiously. We accordingly suggest that the matter be permitted to remain in status quo until the hearing, provided the parents promptly produce the child in court for such a hearing.

*Orders affirmed; appellants to pay the costs.*