# JONES *v.* SALTER

[No. 292, September Term, 1968.]

*Decided May 28, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Harvey B. Steinberg* for appellant.

No brief filed on behalf of appellee.

PER CURIAM:

The parties in this case were married on July 5, 1958, and three children were born of the marriage. The appellant mother, Joanne Maria (Salter) Jones, obtained a divorce from the appellee father, Michael Salter, on April 5, 1966, and she was awarded custody of the children. The father was granted reasonable rights of visitation. On weekends, these rights extended from 9:00 a.m. on Saturday to 8:00 p.m. on Sunday. Subsequent to the divorce, the appellant began living with her present

husband, Charles Jones, who at that time was still married to another woman. On June 21, 1967, upon petition of the appellee, the lower court found that by reason of such illicit conduct the appellant was an unfit mother and it awarded custody to the father. Further, that court denied all visitation to the mother until she ceased her illicit relationship.

On December 13, 1967, the mother filed a petition to modify the decree and asked the court to grant her reasonable rights of visitation based on the fact that she had since married Mr. Jones. She requested visitation rights every weekend and testified that this was the same visitation afforded the husband when she had custody. After holding a hearing, the lower court found that the illicit relationship had ceased and on March 13, 1968, an order was entered granting the mother the right to visit "by herself" with the children at the home of the father for two hours every other Sunday. From that order this appeal was taken.

On appeal, the mother urges that the lower court abused its discretion in limiting visitation to two hours every other Sunday, at the home of the father, by herself alone. We agree with the appellant that the court's order was unduly restrictive. It is well established in Maryland that what is best for the child is the determining factor in custody cases. *Shanbarker v. Dalton,* 251 Md. 252, 247 A. 2d 278; *Breault v. Breault,* 250 Md. 173, 242 A. 2d 116; *Lippy v. Breidenstein,* 249 Md. 415, 240 A. 2d 251; *Heaver v. Bradley,* 244 Md. 233, 223 A. 2d 568. Accordingly, each case must be decided upon its own facts. It is impossible to find support in the record for the numerous limitations. The order restricts the time to two hours every other Sunday. The place of the visit is limited to the home of the former husband. The order even restricts the association so that the appellant may not be accompanied by her present husband, or by her child of the second marriage, the children's half-sister. The record indicates that at the time of the hearing, the appellant had ceased the illicit relationship. As this Court stated in *Hill v. Hill,* 49 Md. 450, 458 (1878) : "Some regard must be had for the tender relation which the appellant [mother] bears to her child. We cannot divest ourselves of the feeling of our common humanity, and ought not, if we could,

wholly to disregard the natural claims upon our consideration of the mother's affection for her offspring."

We hold that the order of the lower court must be modified as requested by the appellant to the extent that she shall have reasonable rights of visitation by or with the children on weekends from 9:00 a.m. on Saturday to 8:00 p.m. on Sunday.

*Order modified as herein indicated and as modified affirmed. Costs to be paid by the appellee.*