# EDGAR FRANK MYERS *v.* ANNA LOLETA BUTLER

[No. 254, September Term, 1970.]

*Decided October 28, 1970.*

The cause was argued before ANDERSON, MORTON, THOMPSON, and POWERS, JJ.

*Charles W. Bell,* with whom was *John T. Bell* on the brief, for appellant.

*John C. Tracey* for appellee.

POWERS, J., delivered the opinion of the Court.

This appeal involves the function of the courts in custody of children of divorced parents, and the extent of visitation rights of the parent not having custody.

Edgar Frank Myers, appellant, and Anna Loleta Butler, appellee, were married in 1957. By a final decree in March, 1966, the Circuit Court for Montgomery County granted the wife a divorce and custody of their three daughters, approving a visitation schedule incorporated by the parties in a prior separation agreement. Appellee has remarried; appellant has not. From time to time the parties acquiesced in minor changes in the visitation schedule.

Differences later arose between the father and mother over visits. Renewed activity on the docket commenced in June, 1969, and culminated in hearings before Judge James H. Pugh in March, 1970, on the father's petition for change of custody or modification and enlargement of visitation rights. The hearing was an extended one, and Judge Pugh conferred with the three girls, then 11, 10 and 8 years old. He decreed that custody remain with the mother, and prescribed the visitation rights of the father with specified restrictions. The father appealed from the decree; there was no brief nor appearance for the appellee in this court.

Custody of minor children is a particular concern of courts of equity. Their inherent jurisdiction is declared in Maryland Code, Article 16, Section 66, and under Article 16, Section 25, may be exercised in divorce cases, whether a divorce is decreed or denied. *Coleman v. Coleman,* 228 Md. 610, 613, 180 A. 2d 875 (1962). There appears to be no difference in the jurisdiction under these two sections, except that if the relief is sought as a part

of a divorce case, the merits of the divorce should first be heard. *Hood v. Hood,* 138 Md. 355, 363, 113 A. 895 (1921).

The Court of Appeals has frequently and clearly stated the rule of law in custody cases. It said in *Wallis v. Wallis,* 235 Md. 33, at page 36, 200 A. 2d 164 (1964) :

> "The overriding consideration in determining to whom the custody of a child should be awarded is, we have consistently held, the best interests and welfare of the child. *Glick v. Glick,* 232 Md. 244, 192 A. 2d 791; *Hild v. Hild,* 221 Md. 349, 157 A. 2d 442. These cases, and many others which could be cited, state also a correlative rule that unless the mother is unfit, other things being equal, preference is given to her in awarding custody of young children, as she is considered to be the natural custodian of the young. *Parker v. Parker,* 222 Md. 69, 158 A. 2d 607; *Hild v. Hild, supra."*

Also see *Cornwell v. Cornwell,* 244 Md. 674, 224 A. 2d 870 (1966) and *Kline v. Bennett,* 245 Md. 674, 225 A. 2d 863 (1967).

It is because no custody matter is the image of another that the opportunity of the Chancellor to see and hear the witnesses must be accorded the greatest respect. *Trudeau v. Trudeau,* 204 Md. 214, 103 A. 2d 563 (1954). The Chancellor found and ordered that custody of the children should remain with the mother. Unless there is some reason to the contrary, his finding will not be disturbed. *Andrews v. Andrews,* 242 Md. 143, 154, 218 A. 2d 194 (1966) ; Maryland Rule 1086. We find no reason to disturb it.

Appellant also complains against the restricted visitation rights set out in the decree. The right of a parent to visit his child in the custody of another, at reasonable times and under reasonable conditions, is an important one, but not absolute. *Raible v. Raible,* 242 Md. 586, 597, 219 A. 2d 777 (1966). However, the Court of Appeals,

"even though custody was denied, has never had an occasion to deny the right of visitation to an errant parent." *Radford v. Matczuk,* 223 Md. 483, 489 and footnote, 164 A. 2d 904 (1960). The cases emphasize that there should be reasonable access to the child upon such terms as the Chancellor may prescribe, and that he retains jurisdiction to vary or modify such an order. *Dunnigan v. Dunnigan,* 182 Md. 47, 53-54, 31 A. 2d 634 (1943) ; *Townsend v. Townsend,* 205 Md. 591, 597, 109 A. 2d 765 (1954) ; *Radford v. Matczuk, supra,* at page 494.

Since the best interest and welfare of the children must be the overriding concern of both parents, as well as of the courts, it should be rare indeed that two adults, exercising mature judgment, find themselves unable to arrive at a common understanding best suited to promote the interest and welfare of their children. When they fail, and submit their dispute to the broad discretion of the court, they may not complain unless the order is clearly erroneous.

Not unmindful of *Singewald v. Singewald,* 165 Md. 136, 149, 166 A. 441 (1933), and *Jones v. Salter,* 253 Md. 667, 253 A. 2d 722 (1969), we cannot say that it is.

*Decree affirmed; costs to be paid by appellant.*