COLEMAN *v.* COLEMAN

[No. 309, September Term, 1961.]

*Decided May 17, 1962.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Edward C. Mackie,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for the appellant.

*Eugene G. Ricks,* with whom were *Smith & Harrison* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal from an order of an equity court entered in proceedings initiated by the appellant mother seeking custody of the eleven-year-old son of the parties, which awarded custody of the boy to the appellee father.

The parties separated early in February, 1961, this suit was filed on March 17, 1961, and on some date not shown by the record extract,[1] but before May 5, 1961, the appellant filed a bill in the same court seeking a divorce *a mensa* and custody of the child. By agreement of counsel, both the bill for custody (this suit) and the wife's prayer for alimony *pendente lite* were referred to a Master for report on May 5,

---

1. Stated in the appellee's brief to have been April 3, 1961.

1961. A report was requested by the Master from the Probation Office of the Division for Juvenile Causes of the Circuit Court of Baltimore City. A probation officer submitted a report, which was approved by her superior, recommending that custody be awarded the mother, and this recommendation was adopted by the Master. The Master's report states that he was informed that by coincidence the wife's earlier bill for custody and her petition for alimony had been scheduled for hearing in court on the same day. For some reason which is not wholly clear (perhaps partly because of a change in counsel for the appellee) the two cases were not later heard together, and the custody case came on for hearing first. We were informed at the argument that the wife's divorce suit has not yet been heard, that after the filing of the opinion but the day before the entry of the order in the custody case which is here appealed from, the appellee filed a cross-bill for a divorce *a mensa*, and that both the bill and the cross-bill are scheduled for early hearing in the trial court. Consideration of these statements seems proper for much the same reasons of practical necessity which lead us to consider matters occurring subsequent to a trial, and hence not in the record, which render a case moot.

The record in this case shows that at a number of points the scope of testimony was limited so as to exclude matters pertaining to the causes of separation of the parties which were regarded as relevant to the divorce proceeding but as not bearing directly upon the question of custody. The evident purpose of such exclusion was to avoid the introduction of evidence which might be prejudicial to either party in the divorce suit then pending but still awaiting trial. Since the question of custody turns on what appears to be for the best interests of the child, we think that this ruling, despite the intention to be fair which underlay it, excluded evidence pertinent to the custody case. The practical difficulty, if not impossibility, of effecting such a separation of evidence as that here attempted is apparent in this record. Testimony as to the conduct or condition of the respective parties may be of greater importance in the divorce case than in the custody case, but it may still be

of great relevance in the determination of the custody case. It may have a direct bearing in determining to which parent custody should be awarded, and (without intimating that this would be so in this particular case) it might have a direct bearing on whether custody should be awarded to either of them or to some third person.

These views, we think, are supported by what was said in *Hood v. Hood,* 138 Md. 355, at 363, 113 A. 895, where this Court expressed the view that in a suit both for divorce and for custody of minor children, the divorce suit should be heard on the merits before custody (other than *pendente lite*) is determined. Cf. *Smith v. Smith,* 216 Md. 141, 145, 140 A. 2d 58, citing the *Hood* case as so intimating, and pointing out that it was the purpose of Ch. 574 of the Acts of 1920 (now incorporated in Code (1957), Article 16, § 25) to permit the court having jurisdiction of a divorce proceeding to determine questions of custody of the children of the parties without the need for a separate proceeding. It is, of course, true that equity has long had jurisdiction, quite apart from divorce proceedings, to award the custody of minors and enter appropriate orders for their support, and that it continues under a largely declaratory statute (Code (1957), Art. 16, § 66) to have such jurisdiction (*Barnard v. Godfrey,* 157 Md. 264, 145 A. 614; *Stirn v. Stirn,* 183 Md. 59, 36 A. 2d 695; *Burns v. Bines,* 189 Md. 157, 55 A. 2d 487, 57 A. 2d 188; *Smith v. Smith, supra*). If the only litigation between the parties were this custody suit, the practice approved in the *Hood* case would not be applicable either directly or by analogy; but in the existing circumstances, where divorce litigation is pending and its pendency has, we think, unduly restricted the evidence in the custody case, that rule should be applied by analogy, since the underlying considerations calling for full information with regard to the parties seeking custody of the child are the same.

But for the possibility of creating confusion pending the anticipated early hearing of the divorce suit we should simply remand the case without affirmance or reversal, pursuant to Maryland Rule 871 a, for further consideration of the award of custody in the light of the evidence to be adduced at the

hearing on the bill and cross-bill in the divorce suit, which, we assume would be consolidated for trial with the custody case. Such evidence may include—at least as to custody—that already taken in this proceeding, but the trial court will not be limited in its further consideration of the question of custody of the child to evidence relating to matters occurring subsequent to the date of the hearing or of the decree appealed from in this case. To avoid the possibility of confusion above mentioned we shall direct that the order appealed from be modified so that it shall have the same force and effect as if it were an order *pendente lite* entered in the divorce suit pursuant to § 25 of Article 16 of the Code (1957).

Because of the anticipated early hearing of the divorce suit between the parties, the mandate of this Court shall issue forthwith.

> *Order appealed from modified so as to have the force and effect of an award of custody pendente lite in the divorce suit between the parties, and case otherwise remanded, without affirmance or reversal, for further consideration of the question of custody in conformity with the opinion of this Court; the costs of this appeal to be paid by the appellee; and the mandate of this Court to issue forthwith.*