IN RE KAROL

[No. 628, September Term, 1970.]

*Decided March 12, 1971.*

The cause was argued before ANDERSON, ORTH, and POWERS, JJ.

*T. Joseph Touhey,* with whom were *Rodney Fletcher* and *Charles E. Wehland* on the brief, for appellant.

*Louis H. Fried* for appellee.

ORTH, J., delivered the opinion of the Court.

The subject of this case is Paul Eugene Karol, now seven years of age. The son of Eugene M. Karol and Carolyn G. Karol, he is the innocent victim of proceedings pursued in three states by his parents against each other over their domestic difficulties. The question presented on this appeal is narrow in scope. The assessment of fault for the domestic discord, the disruption of the matrimonial status, and the ultimate breaking of the marital bond

are not its concern. The issue is simply whether the lower court was wrong in ruling that it was without jurisdiction in the matter of the custody of the child.

Until 1 July 1968 Maryland followed the "domicile" rule with respect to jurisdiction to determine custody of a child. As stated and applied in *Miller v. Miller,* 247 Md. 358, it was to the effect that a state court has jurisdiction to determine custody of a child only if the domicile of the child was within the state. It quoted with approval, at 363, *Nelson on Divorce,* 2nd ed., § 15.32 at p. 287:

> "A proceeding to determine custody of a minor child partakes of the nature of an action in rem, the res, or the subject matter, being the child's status or his legal relationship to another. *If the court does not have jurisdiction of the children it does not have jurisdiction of the subject matter* to determine the right to custody as between the parties *even though it does have jurisdiction of the parties, who are the parents of the children."* (emphasis added by the Court of Appeals.)

It found the law settled that "absent jurisdiction over children, a court has neither the power nor the right to judicially determine questions concerning custody and visitation rights." 247 Md. at 363. Since jurisdiction over and the domicile of a child are conterminous, determination of the domicile is essential. The Court said, at 364:

> "The domicile of children, ordinarily, is the same as that of both or one of the parents. In the case of a separation or divorce, the domicile of a child is that of the parent to whom legal custody has been awarded; if custody has not been determined or. fixed, it reposes in the parent with whom the child resides; and if it lives with neither of the parents, the child retains the domicile of the father. * * * The domicile of a parent or parents, however, is always deter-

mined by his or her place of residence coupled with intention that it be permanent and not temporary." (Citations omitted.)

So in *Miller* on a finding that the children were domiciled in Florida because they resided there with their mother who was domiciled there, Maryland was required to give full faith and credit to a Florida custody decree. Compare *Taylor v. Taylor,* 246 Md. 616, in which there was no dispute over the fact that the mother and the infant children were not only physically present in Maryland but were domiciled here. See *Rethorst v. Rethorst,* 214 Md. 1, of which the Court said in *Berlin v. Berlin,* 239 Md. 52, 55: "In *Rethorst,* it is interesting to note that Maryland upheld the jurisdiction of the California court in a custody case, in which the infant children involved were physically present with their mother in Maryland, although they were domiciled in California."

When the General Assembly next met after *Miller* was decided, it enacted ch. 678, Acts 1968, codified as Code, Art. 16, § 66 (f) and made it effective 1 July 1968. It provided:

"In all cases where one party to a marriage, existing or pre-existing, removes or has removed a child or children of the marriage from this State, the courts of equity of this State shall exercise jurisdiction to determine custody or visitation rights of the child or children so removed, if:

(1) Maryland was the matrimonial domicile of the parties or the domicile where the marriage contract was last performed; and

(2) Such court shall have obtained personal jurisdiction of the party so removing the child or children; and

(3) One of the parties to said marriage shall have been at the time of said removal, a resident of the State of Maryland and shall continue to reside therein.

> Nothing in this subsection shall be construed in any way to limit or modify other methods by which courts of equity obtain jurisdiction to determine the custody or visitation rights of children."

It is clear under the statute that a court of equity in this State is not without jurisdiction to determine custody of children and visitation rights with respect to children because the domicile of the children is not in Maryland. The statute awards jurisdiction in the circumstances therein stated upon fulfillment of the conditions therein designated; the domicile of the child is no criterion of jurisdiction. In the instant case if the Circuit Court for Howard County in Equity had jurisdiction to determine the custody of Paul Eugene Karol it could only be under the authority of the statute.

The case before us was decided by the lower court on the pleadings and exhibits before it. The action was commenced on 15 September 1970 by the filing by Mr. Karol of a petition in the Circuit Court for Howard County in Equity. The petition set out that Eugene M. Karol and Carolyn G. Karol were married 28 December 1953 in Baltimore County, Maryland and during the marriage resided in Howard County, Maryland. Mr. Karol presently resided in Howard County and had continuously resided there since 1961. Paul Eugene Karol was born 26 September 1963. In July 1968 Mrs. Karol left Maryland and went to Pennsylvania. She filed a suit for divorce there against her husband. He filed a cross-bill in the action there which resulted in the grant to him of a divorce *a vinculo matrimonii* from her on 9 September 1970. She had been awarded temporary custody of the child and in April 1970 moved to Florida, taking the child with her. The final decree of divorce contained no disposition of custody because the Pennsylvania Court determined it had no jurisdiction over the child since he was not residing in Pennsylvania. Subsequently Mr. Karol went to Florida and brought the child back to Howard County. The peti-

tion alleged certain scandalous conduct by Mrs. Karol and asserted her neglect of the child. It prayed the court to assume jurisdiction over the child and to award custody to Mr. Karol. A certified copy of the decree of 9 September 1970 of the Court of Common Pleas of Lycoming County, Pennsylvania accompanied the petition.

The Circuit Court for Howard County issued an order under date of 18 September for Mrs. Karol to show cause why the relief prayed should not be granted, and upon motion issued an order on 21 September restraining her from removing the child from Maryland pending a final determination of custody, temporary custody being awarded to Mr. Karol.

On 6 October Mrs. Karol filed a "Motion Raising Preliminary Objection." It moved that process be quashed because of lack of jurisdiction over her person and the person of the child. It gave as grounds that she was the lawful custodian of the child "by absolute order of the Court of Common Pleas of Lycoming County, Pennsylvania"; that Mr. Karol was a party to the proceeding; that on 2 September Mr. Karol, while exercising his right of visitation, did forceably abduct the child from his lawful residence and domicile in Florida and without Mrs. Karol's knowledge or consent removed him to Maryland; that there was a warrant issued in Florida for Mr. Karol's arrest for the offense; that he had been served therewith and was on bail; [1] and that Mrs. Karol had never submitted herself to the jurisdiction of the Circuit Court for Howard County. Attached as exhibits were certified copies of documents filed in the Court of Common Pleas of Lycoming County, Pennsylvania. The first was a petition for writ of habeas corpus for custody of a minor child in a civil action at law entitled "Commonwealth ex rel. Carolyn G. Karol v. Eugene M. Karol." It set out that Mrs. Karol was the natural mother of Paul

---

1. The record before us contains an order of 30 October 1970 of the Criminal Court of Record in and for Duval County, Florida in the case of State of Florida v. Eugene M. Karol, dismissing the information therein.

Eugene Karol and lived in Williamsport, Pennsylvania with the child; that Mr. Karol was the natural father of the child and lived in Ellicott City, Maryland; and that there had been and were at the present time disputes as to custody and visitation rights. It requested a writ of habeas corpus to issue commanding Mr. Karol to come before the court for a hearing. The writ was issued on 24 October 1969 as shown by the second document, a certified copy of the court's order. The third document was a certified copy of an order issued 24 November in the habeas corpus action. It read: "[U]pon stipulation of Counsel for the Parties on the Rule to Show Cause heretofore issued, the same is made absolute and it is Ordered and Directed that Carolyn G. Karol shall have custody of Paul Eugene Karol, born on November 26, 1963." It then spelled out visitation rights in the father.

Mr. Karol answered the Motion Raising Preliminary Objection. He claimed that the grounds for the motion went to the merits and were not relevant to the issue of jurisdiction. He urged that the court had jurisdiction because: 1) his domicile was Howard County and the child was in Howard County; 2) that Mrs. Karol removed the child from Maryland while she was married to Mr. Karol; 3) that their matrimonial domicile was Maryland and Maryland was where the marriage contract was last performed; 4) that personal service was had on her in Maryland; and 5) that at the time the child was removed from Maryland, Mr. Karol was a resident of Maryland and has so continued to be a resident without interruption. It is patent from the reasons set out in Mr. Karol's answer that he was invoking Code, Art. 16, § 66 (f) as the basis for his claim that the lower court had jurisdiction.

Applying the facts as shown by record to the statute, one party to a marriage—Mrs. Karol—removed a child of the marriage—Paul Eugene Karol—from this State. The marriage was existing at the time of the removal and preexisting at the time of the action here. Maryland was the matrimonial domicile of the parties—Mr. Karol and Mrs. Karol—and it seems, the domicile where the mar-

riage contract was last performed. One of the parties to said marriage—Mr. Karol—was a resident of the State of Maryland at the time of said removal, and continued to reside therein. To this point the circumstances stated in the statute were present and two of the conditions designated in the statute—(1) and (3)—were fulfilled. There remains only condition (2); we direct our inquiry to whether the lower court had obtained personal jurisdiction of Mrs. Karol, the party so removing the child. If it had, there was compliance with the statute and the court had jurisdiction; if it had not, there was not compliance with the statute and the court did not have jurisdiction.

Service of process [2] to require appearance may be made by delivery by the sheriff of a copy of the process to the party to be served. Rule 104 b 1 i; Rule 306 c 2. Service of process on Mrs. Karol was so made by personal delivery. There is in the record a return of the Sheriff stating: "A copy of Petition and Order of Court served on and left with Mrs. Carolyn G. Karol at 5:30 P.M. this 19th day of September 1970. (Signed) Norman O. Howard, Sheriff, per K.C." We conclude from the record that the petition and order referred to in the return was the petition of Mr. Karol of 15 September 1970 and the order of the court of 18 September 1970 that Mrs. Karol show cause on or before 6 October 1970 why the relief prayed should not be granted provided a copy of the petition and order be served on her on or before 21 September 1970. There is also in the record a return of the Sheriff stating: "Copy of Petition and Order of Court served on and left with Carolyn G. Karol this 22nd day of September 1970. (Signed) Norman O. Howard, Sheriff, by P. M. Germack, Deputy." This appears to be the service of a Motion for Temporary Restraining Order filed 21 September 1970 by Mr. Karol, an order of the court the same date restraining Mrs. Karol from removing the child

---

2. " 'Process' means any written order issued by a court to secure compliance with its commands, or to require action by any person, including but not limited to a summons at law or in equity, an order of publication, a commission, a writ, and an order of any kind." Rule 5 y.

from Maryland and awarding temporary custody of him to Mr. Karol and an order the same date that Mrs. Karol show cause on or before 8 October 1970 why the above order should be rescinded, provided a copy of said motion, temporary restraining order and the show cause order be served on her on or before 23 September 1970. See Rule 306 d, "Proof of Service." By this personal service of process on Mrs. Karol the lower court obtained personal jurisdiction of her. But our inquiry is not at an end. Mrs. Karol filed a motion raising preliminary objection, Rule 323, § a, before filing any other pleading, § c. She moved that the process be quashed. Section a of the Rule authorizes the defense of lack of jurisdiction over the person to be made, subsection (2), which Mrs. Karol specifically designated, and also the defense of illegality of service of process, subsection (5). The grounds in support of the motion were in substance that the removal of the child from her custody in Florida by Mr. Karol was unlawful because she had custody under a valid order of the Pennsylvania Court to which Mr. Karol had agreed by stipulation of his counsel of record in the proceeding, and that she came into Maryland only to recover custody of the child, never consenting or submitting herself to the jurisdiction of the Maryland court. She claimed that service on her in the circumstances violated due process of law.

The question is not whether the lower court obtained jurisdiction over the person of Mrs. Karol, for it did obtain such jurisdiction upon personal service of process on her, but rather whether it shall properly exercise its jurisdiction in the circumstances.[3] In *Margos v. Moroudas,* 184 Md. 362, at 368-369, the Court of Appeals quoted 42 *American Jurisprudence, Process,* par. 35, p. 32 with approval:

"Generally. Personal service of process, if

---

3. It has been long settled that during such time as a nonresident is in this State for the purpose of testifying as a witness or for prosecuting or defending an action, he shall not be subject to service of process. Rule 104 g; *Winter v. Crowley,* 245 Md. 313. And no person shall sue or be sued in privilege. Code, Art. 26, § 3.

procured by fraud, trickery, or artifice is not sufficient to give a court jurisdiction over the person thus served, and service will be set aside upon proper application. Relief is accorded in such cases not because, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service of his summons by unlawful means. Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside."

The Court in *Margos* not only recognized the rule but applied it. In doing so it said, at 370:

"Courts are not established for the purpose of aiding fraud, deceit, or wrong, but to prevent such things. The law will not permit a party to take advantage of his own wrongs. It is a fraud upon the law, and Courts will not aid the fraud or deceit. The aid of Courts should not be successfully invoked to promote the practice of trickery and deceit. If a defendant is within the jurisdiction of the Court by means of fraud or trickery of the plaintiff, no act accomplished thereby can be allowed to stand. There is very little difference between enticing a person from one jurisdiction to another for the purpose of getting process on him and by carrying him by force from one jurisdiction to another to be

served with process. A fraud or trick usually has a fair face. It would not succeed without it." [4]

The lower court found that Mrs. Karol had lawful custody of the child under the order of 24 November 1969 of the Court of Common Pleas of Lycoming County, Pennsylvania. We agree that it was a valid order binding on Mr. Karol in the circumstances. Until it was lawfully modified, Mrs. Karol was entitled to custody of the child. Therefore Mr. Karol's act in taking the child from the custody of Mrs. Karol without her knowledge or consent and removing him to Maryland, which we do not find to be disputed, was unlawful. It was only because of this wrongful act by Mr. Karol that Mrs. Karol came to Maryland. She did so, we think clear, only to recover her son, the custody of whom she was legally entitled and of which she had been wrongfully deprived by Mr. Karol. It was, we think, tantamount to her having been inveigled, enticed or induced by a wrongful device to come within the jurisdiction of the court. Only by so coming within the jurisdiction of the court was Mr. Karol enabled to have process personally served on her; only by the making of personal service of process did the court obtain personal jurisdiction of her; only by obtaining personal jurisdiction of her was there compliance with Art. 16, § 66 (f) ; only by compliance with that statute would the court have jurisdiction over the custody of the child. The effect is that Mr. Karol would be permitted to take advantage of his own wrong; we do not think he should be permitted to take advantage of his own wrong in such manner. Mrs. Karol was within the jurisdiction of the court by reason of the wrongful act of Mr. Karol, and no act accomplished thereby should be allowed to stand.

---

4. "The term fraud is used in various senses. It may involve an evil intent or it may consist only of a wrongful act done to the injury of another. The former is actual fraud, the latter constructive. The former involves moral turpitude or intentional wrong. The latter may exist without the imputation of bad faith or immorality." *Stroh v. Dumas* (Vt.), 84 A. 2d 408, 411. Quoted in the dissenting opinion of Judge (now Chief Judge) Hammond in *Sanchez v. James*, 209 Md. 266, 275.

We hold that the lower court did not err in ruling that it was without jurisdiction. Thus its orders of 17 December 1970 that its restraining order of 21 September 1970 be rescinded, that Eugene M. Karol deliver the custody of the child to Carolyn G. Karol and that Eugene M. Karol pay the costs were proper.[5]

Mrs. Karol moved us to dismiss the appeal. We deny the motion. We think the order of the lower court was appealable as it had the effect of depriving the father of the custody of the child. Code, Art. 5, § 19. In any event, the reasons given by Mrs. Karol in alleging the case had become moot go to the merits of the issue of the jurisdiction of the lower court and we have so resolved that issue.[6]

> *Motion of Carolyn G. Karol to dismiss the appeal denied; order of 17 December 1970 of the Circuit Court for Howard County in equity affirmed; costs to be paid by Eugene M. Karol.*

---

5. The lower court did not discuss 'Code, Art. 16, § 66 (f) in reaching its ruling. It relied on the domicile rule, citing *Miller v. Miller, supra,* and *Rethorst v. Rethorst, supra.* Of course, the statute not being applicable, the domicile rule was controlling.

6. It seems that ch. 678, Acts 1968, is unique. Cases in other jurisdictions dealing with objection to jurisdiction of court as constituting general appearance, see Annotation, 25 A.L.R.2d 818-851, and relating to jurisdiction over custody of a child abducted into or wrongfully detained in a state, see Annotation, 4 A.L.R.2d 47-67, are not apposite since they were not decided in the light of a comparable statute.