BERTRAM E. SEIDLITZ *v.* ARLEEN B. SEIDLITZ

[No. 57, September Term, 1974.]

*Decided November 15, 1974.*

The cause was argued before MOYLAN, POWERS and LOWE, JJ.

*Frank M. Kratovil* for appellant.

*Suzanne M. Snedegar,* with whom were *Levitan, Ezrin, Cramer, West & Weinstein,* chartered, on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Bertram E. Seidlitz filed an original petition in the Circuit Court for Prince George's County, in equity, asking the court

to modify a District of Columbia divorce decree by reducing the amount of alimony and child support payable to his former wife, Arleen B. Seidlitz, and by changing the terms of her custody of their three minor children by granting custody to him during each summer vacation.

The petition contained numerous allegations designed to show changes in relevant circumstances between the time of the decree in August 1971, and the time the petition was filed.

A subpoena and a copy of the petition were served upon Mrs. Seidlitz in Prince George's County. She filed a motion under Maryland Rule 323 for dismissal of the case, and raised several preliminary objections. Among them were illegality of service of process, later abandoned, and lack of jurisdiction in the court over the subject matter. Mr. Seidlitz filed an answer in opposition.

A hearing on the motion was held before Judge Samuel W. H. Meloy. Facts relevant to the question of subject matter jurisdiction were contained in the petition, the motion, the answer to the motion, and statements by counsel. They were not disputed. Judge Meloy took them as being properly before the court. We shall do likewise.

The parties were married in the District of Columbia in 1960. Later they lived in Montgomery County, Maryland. Three children were born during their marriage. The parties separated in 1969. In June, 1970, they entered into a "Separation and Property Settlement Agreement". In September, 1970, Mrs. Seidlitz and the children went to live in Fairfax County, Virginia. They have lived there continuously since that time. In August, 1971, Mr. Seidlitz obtained an absolute divorce in the District of Columbia, on the grounds of voluntary separation for more than one year. The decree awarded custody of the minor children to Mrs. Seidlitz, subject to reasonable visitation rights of Mr. Seidlitz. The decree further provided:

> "That the Separation and Property Settlement Agreement dated June 16th, 1970 be incorporated into the Decree of Divorce by incorporation and

> shall survive this Decree and shall not merge therewith."

Mr. Seidlitz moved to Prince George's County, Maryland, in August, 1972, and was living there when he filed the petition in this case.

In arguing at the hearing that the court lacked jurisdiction to modify the decree as to custody or child support, counsel for Mrs. Seidlitz conceded that the court would have jurisdiction with respect to the question of alimony. The court was not, however, asked to consider or rule upon the question of alimony, and did not do so.[1]

On 23 November, 1973, concluding that it lacked subject matter jurisdiction over the parties' minor children, the court filed an order

> " * * * that defendant's preliminary objection with respect to subject matter jurisdiction is sustained and the plaintiff's Petition for Modification of Divorce Decree be and the same is hereby dismissed to the extent that plaintiff seeks modification relating to custody and visitation rights, maintenance and support of the parties' minor children."

The appeal now before us was entered on 20 December 1973 by Mr. Seidlitz from that order. At the argument in this Court counsel for both parties agreed that the question of modifying the decree as to alimony remains before the lower court, undecided. Because a question remains undecided, Mrs. Seidlitz included in her brief a motion to dismiss the appeal. She says, citing Code, Courts Art., § 12-301, that a party may appeal from a final judgment, but because the order from which this appeal was taken did not decide the question of alimony, it was not final, but

---

1. Even if the chancellor should decide that the court has jurisdiction with respect to the question of alimony, he may have difficulty in finding the power to change what the parties agreed to in a contract which was incorporated into but not merged with, and which survived the decree of divorce. *Simpson v. Simpson*, 18 Md. App. 626, 308 A. 2d 410 (1973).

interlocutory. Maryland Rule 605 a. She moved that the appeal be dismissed, as not allowed by law. Maryland Rule 1035 b (1).

The appeal was allowed by law, and the motion to dismiss will be denied. The law that allowed the appeal was Code, Art. 5, § 19, which was in effect when the appeal was taken. It said:

> "Any party to the proceedings, aggrieved by an order of any court of this State the effect of which is to deprive any parent, grandparent or natural guardian of the care and custody of a child, may appeal to the Court of Special Appeals from such order. Upon any such appeal the facts of the case shall be reviewed by the Court of Special Appeals *as in appeals from final decrees* entered by courts of equity." (Emphasis added).

Section 19 was repealed, effective 1 January 1974, by § 2 of ch. 2, Acts of 1973, 1st Sp. Sess., the same act which in § 1 enacted the Courts and Judicial Proceedings Article of the Code. By § 18 of that act, the provisions of the Courts Article "apply to all proceedings commenced after December 31, 1973, and, so far as practicable, to all proceedings then pending".

The right of a party to appeal from a final judgment is now stated in the Code, Courts Article, § 12-301. The Revisor's Note to § 12-301 says that it consolidates and simplifies the basic provisions of Article 5, §§ 1, 2, 3, 5, 6, 8, 12, 13, and 19. We cannot read the substance of former Art. 5, § 19, in § 12-301. It may be that the right of appeal given in old § 19 was thought to be an appeal from a final order, and for that reason was not separately mentioned in the writing of § 12-301.

We think, however, that the right of appeal given in former Art. 5, § 19, was a right to appeal from an interlocutory order. No separate statute would have been necessary to authorize an appeal from a final order. The very wording of § 19, that "the facts of the case shall be

reviewed by the Court of Special Appeals as in appeals from final decrees" underscores that the right being given was to appeal from an interlocutory order. As such, the right of appeal given in § 19 was analogous to some of the rights given in Code, Art. 5, § 7, now included in Courts Article, § 12-303, to appeal from interlocutory orders.

The Court of Appeals in *Funger v. Mayor of Somerset*, 244 Md. 141, 223 A. 2d 168 (1966), considered the interplay of Art. 5, § 7 and Maryland Rule 605 a. The Court concluded at 150:

> "We think the right of appeal in the classes of actions enumerated in § 7 is general and not affected by Rule 605 a."

The same reasoning applies to the right of appeal given in Art. 5, § 19. In any event, we could hardly consider it "practicable" to apply a change of law to a pending appeal if the effect of the change is to deny a right of appeal which theretofore existed. The appeal was not affected by Rule 605 a, and the motion to dismiss is denied.

Appellant argued below and here that the court of the District of Columbia which rendered the decree retained continuing jurisdiction to modify it; that the courts of Maryland have jurisdiction to enforce or modify a custody and support decree of another state; therefore a Maryland court may exercise the continuing jurisdiction to modify the decree which was retained by the District of Columbia court. The argument is built upon a fallacy, and cannot prevail.

The equity courts of Maryland have jurisdiction over the custody, guardianship, maintenance, and support of children, and a court may from time to time modify its decree or order concerning a child. Code, Art. 16, § 66, subsection (a), the substance of which now appears as Courts Article, § 3-602.

Before it may exercise this authority, however, the Maryland court must have jurisdiction over the children. In *Miller v. Miller*, 247 Md. 358, 231 A. 2d 27 (1967), the equity court had entered an order modifying custody previously

awarded by a Florida decree. In reversing the order of the lower court the Court of Appeals said, at 362-63:

"As to the merits, the conclusion of the lower court that it had jurisdiction over the children because it had jurisdiction over the parents was erroneous and must be reversed. Rather, since the children were neither present nor domiciled in Maryland, it is clear that the court was without jurisdiction to either pass an order concerning the right of the father to visit and communicate with the children or to find the mother in contempt for failing to comply therewith.

"In *Zouck v. Zouck,* 204 Md. 285, 104 A. 2d 573 (1954) and *Naylor v. Naylor,* 217 Md. 615, 143 A. 2d 604 (1958), we recognized the 'domicile' rule set forth in the Restatement, *Conflict of Laws,* § 117, to the effect that a state court has jurisdiction to determine custody of a child only if the domicile of the child is within the state. See also *Berlin v. Berlin,* 239 Md. 52, 210 A. 2d 380 (1965). As was pointed out in *Zouck,* at p. 302:

'The term jurisdiction imports not only power over the parties to the action but the right to adjudicate as to the subject matter in a given case. *In matters of custody, jurisdiction of the person who seeks custody is not enough. There must be jurisdiction over the one of whom custody is sought for the court to have jurisdiction of the subject matter.'* [Italics ours.]

This is so because as was said in *Nelson on Divorce,* 2nd ed., § 15.32, at p. 287 —

'A proceeding to determine custody of a minor child partakes of the nature of an action in rem, the res, or the subject matter, being the child's status or his legal relationship to another. *If the court does not have jurisdiction*

> *of the children it does not have jurisdiction of the subject matter* to determine the right to custody as between the parties *even though it does have jurisdiction of the parties, who are the parents of the children.'* [Italics ours.]

Also see Nelson, *op. cit.,* § 33.62; Beale, *Conflict of Laws,* Vol. 2, § 144.13.

> "The law, therefore, is settled that absent jurisdiction over children, a court has neither the power nor a right to judicially determine questions concerning custody and visitation rights."

The jurisdiction over children which a Maryland court must have before it can determine questions concerning custody, visitation rights, and support of the children need not be newly acquired in connection with the relief currently sought; it may be a continuation of jurisdiction acquired and exercised earlier.

In *Berlin v. Berlin,* 239 Md. 52, 210 A. 2d 380 (1965), a mother, who had been awarded a divorce and child custody by a Maryland decree, and who had later established her domicile, and that of the children, in New York, argued that the continuing jurisdiction of the Maryland court could be exercised only under circumstances which would authorize the court to take jurisdiction in the first place.

The Court of Appeals rejected that narrow view of continuing jurisdiction. It said, at 56-57:

> "Although we recognized the domicile rule set forth in the Restatement, *Conflict of Laws,* § 117, in *Naylor v. Naylor,* 217 Md. 615, 143 A. 2d 604 (1958) and in *Zouck v. Zouck,* 204 Md. 285, 104 A. 2d 573 (1954), we were not concerned in either of those cases, as we are here, with the modification of an award of custody made by a court which by its decree (pursuant to statute) had reserved the right to make further orders. Where we have said that jurisdiction to determine custody depends on the domicile of the child we were concerned with the

power of the court to award custody in the first place.

"The majority of courts in other states have adopted the continuing jurisdiction rule. We shall do likewise. The theory of this rule is that when a custody decree is subject to subsequent modification for any reason (either under the provisions of a statute or the terms of the decree itself), the jurisdiction of the court in the awarding state should remain notwithstanding the removal of the child to another state."

We have cited and quoted from *Berlin* to make it clear that the *continuing* jurisdiction which a Maryland court has over matters relating to children must stem from an earlier proceeding in which the Maryland court had and exercised that jurisdiction. It is, in other words, the power which a Maryland court has to modify *its* decree or order. On the other hand, a *later acquired* power in a Maryland court to modify a decree or order of another state relating to children exists only when the Maryland court has jurisdiction over the children because they are presently domiciled here.[2]

The true relationship between the continuing jurisdiction of the state which entered the original decree and the later acquired jurisdiction of the state of present domicile of the children was illustrated in *Taylor v. Taylor*, 246 Md. 616, 229 A. 2d 131 (1967). There the Court of Appeals said, at 618-19:

"The question before the Court is whether the courts of this State have jurisdiction relating to the protection and care of infants, domiciled in Maryland, where there is a subsisting order from a prior hearing in another state with original jurisdiction, awarding custody of the infants and setting forth the conditions of such custody and terms for their support."

\* \* \*

---

2. But see the discussion, *infra*, of Code, Art. 16, § 66, subsection (f).

"It is a well-established principle of law that the state in which an infant is domiciled has jurisdiction over it. Maryland has so provided by statute, Art. 16, § 66 (a), Code (1957), which is merely declaratory of equity jurisdiction, *Coleman v. Coleman,* 228 Md. 610, 613, 180 A. 2d 875, 877 (1962); cf. *Rethorst v. Rethorst,* 214 Md. 1, 133 A. 2d 101 (1957), and as a corollary to this proposition, as stated by this Court in *Berlin v. Berlin,* 239 Md. 52, 55, 210 A. 2d 380, 381 (1965), 'the domicile of a minor child, in case his parents are divorced, is that of the parent to whom legal custody has been awarded. * * *.' In *Rethorst,* it is interesting to note that Maryland upheld the jurisdiction of the California court in a custody case, in which the infant children involved were physically present with their mother in Maryland, although they were domiciled in California."

The chancellor below in *Taylor* felt that the full faith and credit clause, Article IV, § 1 of the Constitution of the United States, foreclosed action in Maryland in matters dealt with in the California decree. The Court of Appeals disagreed, holding that the court had jurisdiction because the children were domiciled here, and remanded the case for hearing and determination of the merits.

There is another aspect of domiciliary jurisdiction of children, which is not applicable in this case, but which, if only for that reason, we should notice. It is embodied in Code, Art. 16, § 66, subsection (f), which was not repealed in the recent Code Revision. This subsection was fully discussed and applied by Judge, now Chief Judge, Orth for this Court in the case of *In re Karol,* 11 Md. App. 400, 274 A. 2d 407 (1971). The statute, effective 1 July 1968, appears to have been enacted to prevent, under specified circumstances, frustration of Maryland's domiciliary jurisdiction over children by their removal from the State. The specified circumstances did not exist in *Karol,* nor do they exist here. Neither Mrs. nor Mr. Seidlitz continued to reside in Maryland.

Cases cited by appellant fully support what we have said about continuing jurisdiction of a court to modify its own decrees, and equally support the jurisdiction of a court over children domiciled in the State; but none supports appellant's novel contention that the two principles may in some way be combined to give the courts of Maryland jurisdiction to modify a District of Columbia decree relating to custody of children now domiciled in Virginia.

The chancellor's ruling was correct.

*Motion to dismiss denied.*
*Order affirmed.*
*Appellant to pay costs.*