JOHN A. FRANCISCUS *v.* ROSEMARY FRANCISCUS

[No. 760, September Term, 1975.]

*Decided April 1, 1976.*

The cause was argued before MORTON, GILBERT and MOORE, JJ.

Submitted on brief by *Joseph I. Huesman* and *Lerch & Huesman* for appellant.

*James D. Johnson* with whom was *Sheldon H. Braiterman* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

The limited issue presented by this appeal is whether Judge Albert L. Sklar, sitting in the Circuit Court of Baltimore City, abused his discretion when he denied the appellant's "Motion to Set Aside Decree Pro Confesso." For the reasons stated *infra*, we hold that Judge Sklar did not abuse his discretion.

The record reveals that the appellee, Rosemary Franciscus, filed in the Circuit Court of Baltimore City, on July 3, 1974, a petition for custody of her and appellant's two minor children.[1] The appellant, John A. Franciscus, a resident of Puerto Rico, was served with process by registered mail, "deliver to addressee only," in accordance with Md. Rule 107 a 2.[2] Appellant, in an affidavit, however, denied receipt of process, but averred that he received " . . . other papers . . ."[3] from appellee's then counsel. On April 7, 1975, appellee's former attorney filed an affidavit of service, as required by Md. Rule 107 a 2, to which he attached a return receipt upon which appears the signature of the appellant. Printed in a conspicuous manner under the signature is the word, "NUTS!". The decree pro confesso was entered on April 30, 1975, and notification of the entry of that decree was mailed to appellant. Thereafter, appellant, through his attorneys, on May 27, 1975, by way of a paper writing titled, "Motion to Set Aside Decree Pro Confesso," and stating that appellant was ". . . appearing specially and solely for the purpose of this Motion and not submitting

---

1. We note that at the time of filing one of the two children was age 16. Md. Ann. Code art. 16, § 66 (g) provides that such a child may petition the court for a change of custody. The child need not be joined by a guardian ad litem or next friend but may file the petition " . . . on his own."

2. *See* Md. Ann. Code, Courts and Judicial Proceedings Art. § 3-1004, which was added to the Code by Laws 1975, ch. 265.

3. The appellant's affidavit in support of his motion recites that the "other papers" related " . . . to matters in dispute between he [sic] and his former wife. . . ." No attempt was made in the affidavit to assert with any specificity the nature of the "other papers."

himself to the jurisdiction of . . . [the] Court . . . ," [4] moved to strike the decree pro confesso. The "Motion" alleged that appellant had never received a copy of the petition for custody, although he did receive "other papers." Further, appellant averred that he had " . . . a meritorious defense to the Petition for Custody in that . . . [the] Court has no jurisdiction over the persons or the subject matter. . . ."

The Court of Appeals, speaking through Chief Judge Hammond, in *Eastham v. Young*, 250 Md. 516, 523, 243 A. 2d 559, 563-64 (1968), said that if the entry of an appearance was in reality a general appearance, it would have the result of binding the party to the subsequent proceedings in the case. *See also Keen v. Keen*, 191 Md. 31, 41, 60 A. 2d 200, 205 (1948). The appellant's appearance in the instant case, as manifest by the content of the motion to set aside the decree pro confesso, removes all doubt but that appellant was directing his attack upon the service of process as well as the jurisdiction of the court over both the subject matter and the parties.

When the case at bar was heard before Judge Sklar, he had before him the argument of counsel and what can be characterized as a battle of affidavits. The judge, after considering the argument with respect to service of process and jurisdiction, resolved both questions in favor of the appellee, opining that the appellant had " . . . slept on his rights. . . ."

The chancellor pointed out that appellant admitted that the signature on the return receipt was that of appellant. Judge Sklar further noted that the word, "NUTS!", was printed under appellant's signature. The hearing judge was faced with two divergent claims: (1) the affidavit of appellee's former counsel asserting that he had mailed a copy of the petition for custody to the appellant together with a copy of the summons, on July 3, 1974, and the attached signed return receipt and (2) the appellant's

---

4. *But see* Md. Rule 124 c which abolished special appearances, although the entry of "[a]n appearance does not waive the right to make a special or preliminary objection." Md. Rule 124 b.

affidavit denying that he, in fact, received a copy of the petition for custody or the summons, which affidavit was executed June 6, 1975.

The hearing judge drew a rational inference that appellant was motivated to pen the word, "NUTS!", upon the return receipt, not because he received "other papers" but, rather, because " . . . he received something he didn't like, and it is more probable it was the petition which was filed in this case." We are unable to say that Judge Sklar's finding on the facts was clearly erroneous, nor that he abused his discretion in refusing to strike the decree pro confesso.

Appellant, in his brief filed in this Court, steadfastly maintains that he has a "meritorious defense" to the appellee's petition. He cites Md. Rule 675 a 3 which permits the trial court to set aside a decree pro confesso when " . . . an answer or the interposing of other defense" is filed. The rule is, however, permissive, not mandatory. Furthermore, *Miller v. Talbott*, 239 Md. 382, 211 A. 2d 741 (1965), and *Richardson v. Richardson*, 217 Md. 316, 142 A. 2d 550 (1958), relied upon by appellant, are inapposite. Both cases were concerned with the interposing of a *meritorious* defense. We interpret the term "meritorious defense" to be one that goes to the core, heart, merits, essence, or substance of the case. Dilatory, procedural, jurisdictional, or other technical objections are not included within its ambit. *Cooper v. Freeman Lumber Co.*, 61 Ark. 36, 41-42, 31 S. W. 981, 982-83 (1895); *Marr v. Superior Court*, 30 Cal. App. 2d 275, 86 P. 2d 141 (1939). The Supreme Court, in *General Inv. Co. v. New York Cent. R.R.*, 271 U. S. 228, 46 S. Ct. 496, 70 L. Ed. 920 (1926), ruled that "jurisdiction" is the authority of a court to entertain the litigation, weigh the merits, and render a binding decision on the merits. "Merits" was deemed to mean the various factors or elements that constitute the right to seek redress or relief. 271 U. S. at 230.

The allegation by appellant that he has a "meritorious defense . . . in that . . . [the] Court . . . [had] no jurisdiction over the persons or the subject matter . . ." is based on a misinterpretation of the term "meritorious defense." If the defense were "meritorious," it could not be jurisdictional,

although a challenge to the jurisdiction, which may be raised at any time,[5] is proper.

We shall now determine whether the jurisdictional challenge has merit. It is apparent on the face of the pleading that the appellee was domiciled in Baltimore, Maryland, at the time of the filing of the petition for custody. It is equally apparent that the appellee, in the divorce proceeding between the parties to this case, was awarded custody of the two minors by the Superior Court of Puerto Rico, District of Caguas, on June 3, 1970. Until July 1, 1968, Maryland strictly followed the domiciliary rule, *i.e.*, in a situation where parents were divorced, the child's domicile was held to be that of the parent to whom legal custody has been awarded. *Taylor v. Taylor*, 246 Md. 616, 229 A. 2d 131 (1967); *Berlin v. Berlin*, 239 Md. 52, 210 A. 2d 380 (1965); *In re Karol*, 11 Md. App. 400, 274 A. 2d 407 (1971).

A 1968 Code amendment, Md. Ann. Code art. 16, § 66 (f), confers upon equity courts the authority to determine custody of children as well as visitation rights with respect to the children even though the children are not in Maryland, provided, however, certain prerequisites are satisfied.

Md. Ann. Code art. 16, § 66 (f), provides:

> "In all cases where one party to a marriage, existing or pre-existing, removes or has removed a child or children of the marriage from this State, the courts of equity of this State shall exercise jurisdiction to determine custody or visitation rights of the child or children so removed, if:
>
> (1) Maryland was the matrimonial domicile of the parties or the domicile where the marriage contract was last performed; and
>
> (2) Such court shall have obtained personal

---

5. *See* Md. Rule 323 c. *See also* Resh v. Resh, 271 Md. 133, 314 A. 2d 109 (1974); Gill v. Physicians and Surgeons Bldg., Inc., 153 Md. 394, 138 A. 674 (1927); Tartar v. Gibbs, 24 Md. 323 (1865); Carroll v. State, 19 Md. App. 179, 310 A. 2d 161 (1973) (citing numerous cases).

jurisdiction of the party so removing the child or children; and

(3) One of the parties to said marriage shall have been at the time of said removal, a resident of the State of Maryland and shall continue to reside therein.

Nothing in this subsection shall be construed in any way to limit or modify other methods by which courts of equity obtain jurisdiction to determine the custody or visitation rights of children."

The statutory modification amplifying jurisdiction has no application to the case now before us because this case's facts do not meet the statute's conjunctive prerequisites. Furthermore, the statute makes clear, by its language, that its purpose is not to limit or restrict courts of equity from employing the "other methods" of obtaining jurisdiction to determine custody or visitation rights. When, as here, Md. Ann. Code art. 16, § 66 (f), is inoperative because the factual requirements necessary for the application of the statute are absent, the domiciliary rule applies.

Although the children of the parties were actually attending school in England at the time the petition for custody was filed,[6] their legal custodian, the appellee, was domiciled in Maryland. Therefore, under the rationale of *Taylor v. Taylor, supra,* the minor children of the parties were domiciled in Baltimore, Maryland, and, thus, subject to the jurisdiction of the Circuit Court of Baltimore City.

The appellant, as we have seen, was served with process pursuant to Md. Rule 107. Proper service having been found as a fact by Judge Sklar to have taken place, jurisdiction over the appellant was obtained, so that all parties affected by the suit were properly before the court.

The only remaining issue is whether the court had jurisdiction over the subject matter. So as not to prolong this opinion, we merely note that an equity court has jurisdiction

---

6. The children were enrolled in Maryland schools and have attended such schools as of September, 1974.

84

of custody matters. Md. Ann. Code, Courts and Judicial Proceedings Art. § 3-602. The statute is a legislative declaration of a jurisdiction long exercised by courts of equity. *Coleman v. Coleman,* 228 Md. 610, 180 A. 2d 875 (1962). *See also Taylor v. Taylor, supra; Smith v. Smith,* 216 Md. 141, 140 A. 2d 58 (1958); *Burns v. Bines,* 189 Md. 157, 55 A. 2d 487 (1947); *Stirn v. Stirn,* 183 Md. 59, 36 A. 2d 695 (1944); *Barnard v. Godfrey,* 157 Md. 264, 145 A. 614 (1929); *In re Karol, supra.*

We hold that the appellant was properly served with process, and wilfully did not respond thereto within the time prescribed. The parties to the case and the minor children whose custody and visitation rights are to be determined, are subject to the jurisdiction of the Circuit Court of Baltimore City. The circuit court has jurisdiction over the subject matter, and Judge Sklar did not abuse his discretion in refusing to strike the decree pro confesso.

*Order affirmed.*
*Costs to be paid by appellant.*